IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-60040
Summary Calendar
_____

UNITED STATES OF AMERICA,                          Plaintiff-Appellee,

versus

ROBERT CLYDE TUBWELL, a/k/a
Robert Earl Tubwell,                               Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
_____
(October 24, 1994)

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

*Pro se* Defendant-Appellant Robert Clyde Tubwell ("Tubwell")
appeals the district court's denial of his petition for *habeas
corpus*.  We affirm.

FACTS AND PROCEDURAL HISTORY

On May 13, 1976, Tubwell was charged with two counts of making
false statements in connection with the purchase of a firearm in
violation of 18 U.S.C. § 922(a)(6) and § 924(a).  At the time he
was charged and taken into federal custody, Tubwell was in state
custody awaiting trial on unrelated state charges. He subsequently
pleaded guilty to the first count in federal court and was
sentenced to a five-year term of imprisonment.  He was returned to
state custody in Mississippi where he was sentenced to ten years
for armed robbery.  On February 10, 1986, Tubwell completed his

state prison sentence and was delivered to a federal prison in Texas to complete his five-year term.

While in federal custody, Tubwell filed motions pursuant to FED. R. CRIM. P. 35 and 28 U.S.C. § 2255, in which he argued that his federal sentence should have run concurrently with his state sentence. The district court denied both motions, and this Court affirmed the denial of the motions on appeal. On December 9, 1986, he was released on federal parole. While still on federal parole, Tubwell was arrested by the State of Mississippi and subsequently convicted of grand larceny and armed robbery. In August 1991 he received a "Notice of Action" from the United States Parole Commission notifying him of the scheduling of his federal parole revocation hearing in July 1993.

In August 1992, Tubwell filed a Motion to Show Cause. He contended that his state sentence was imposed to run concurrently with his federal sentence and any sentence arising from his federal parole violation. He requested that his federal parole revocation proceedings be initiated so that he could complete his federal sentence. Tubwell also argued that he was entitled to credit for time served, and that his federal sentence should be declared completely served because the federal authorities refused to proceed with his parole revocation hearing. The district court denied the motion, and this Court affirmed on appeal, concluding that Tubwell was not entitled to an immediate parole revocation hearing.

On September 21, 1993, Tubwell filed a "MOTION FOR ORDER TO

2

SHOW CAUSE OR FOR RELIEF FROM SENTENCE," which is before this Court on appeal. He contended that his intervening state sentence expired on May 6, 1993, thereby requiring the Parole Commission to execute its parole revocation warrant even though he remains in state custody for a sentence imposed for another offense prior to February 1986. However, the Commission took no action to execute the warrant. Tubwell also argued that the Parole Commission denied him due process by sending him notice that a dispositional revocation hearing would be conducted in July 1993 and not acting on it.

Addressing Tubwell's motion as a § 2255 motion, the district court determined that Tubwell's argument concerning his entitlement to a parole revocation hearing at the time of the expiration of the intervening state sentence was previously addressed and ruled on in response to a prior motion, and that the issue was barred under Rule 9(b) of the Rules Governing 28 U.S.C. § 2255 Proceedings. The court further determined that Tubwell had "cause" for failing to raise the notice issue in his prior motion because the scheduled hearing date had not matured at the time he filed the motion. However, the court also found that the notice did not create a liberty interest, and that the Parole Commission's failure to hold a parole revocation hearing did not result in a denial of due process.

## DISCUSSION

The district court and the Government characterize Tubwell's "MOTION FOR ORDER TO SHOW CAUSE OR FOR RELIEF FROM SENTENCE" as a

§ 2255 motion. However, Tubwell's motion is more properly construed as a petition for *habeas corpus* pursuant to 28 U.S.C. § 2241 because he is challenging the manner in which his sentence is being executed rather than the validity of his conviction and sentence. *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). Therefore, we will address Tubwell's motion as a *habeas corpus* petition under 28 U.S.C. § 2241.

*Federal Custody*

Tubwell argues that the issue of the Government's obligation to take immediate custody upon the termination of his intervening state sentence has not been previously addressed, and therefore constitutes a "new ground" for *habeas* relief. In support of his argument, Tubwell relies upon this Court's refusal to review the issue during the appeal of his prior Motion to Show Cause filed in August 1992. In that appeal, this Court declined to review the issue because it was raised for the first time in Tubwell's reply brief.

Tubwell's reliance on this Court's statement concerning the issue raised in his reply brief in his August 1992 Motion to Show Cause is in error because he has raised the same legal issue that this Court addressed and resolved in the prior motion. Section 2244(a), which applies to a § 2241 *habeas* petition, provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United Sates if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not heretofore presented and

4

> determined, and the judge of the court is satisfied that the ends of justice will not be served by such inquiry.

28 U.S.C. § 2244(a). In his August 1992 motion, Tubwell argued that he was entitled to be taken into federal custody for parole revocation proceedings at the time of his detention by state authorities in May 1988 because his state sentence had been imposed to run concurrently with the federal sentence. In his instant motion, he argues that the federal authorities were required to hold a revocation hearing at the time that his state sentence was completed in 1993. However, he acknowledges that he remains in state custody on another charge. Although Tubwell's argument is based on an additional factual development, the termination of his intervening state sentence, the legal issue remains the same as the issue raised in his August 1992 motion, that is, whether the Parole Commission is required to initiate parole revocation proceedings while a defendant remains in state custody. This issue was addressed in the resolution of Tubwell's prior appeal. See *Moody v. Daggett*, 429 U.S. 78, 86-88, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Therefore, we find that Tubwell has failed to raise a new ground for *habeas* relief, thereby constituting an abuse of the writ under § 2244(a).

*Parole Commission's Revocation Hearing Scheduling Notice*

Tubwell contends that under federal regulations he was entitled to a review of his federal parole violation warrant within a specific time, and that the Parole Commission had the authority following the dispositional review to issue the notice he received scheduling a revocation hearing. He argues that the Commission's

5

October 1993 memorandum letter stating that the scheduling notice Tubwell received was erroneous is contrary to federal regulations, and that the regulations and notice itself create a liberty interest in having his parole revocation hearing in accord with the notice.

We find that because Tubwell did not argue that he was entitled to a revocation hearing based on his receipt of the scheduling notice in his prior motion, he has raised a new ground for *habeas* relief. The Supreme Court's decision in *McCleskey v. Zant*[1], guides our analysis. In *McCleskey*, the Court addressed the "abuse of the writ" test in context of a § 2254 petition, holding that although a second or subsequent *habeas* petition which raises a claim for the first time is generally regarded as an abuse of the writ, failure to raise the ground in an initial petition will be excused if the petitioner can show cause for his failure to raise the claim and prejudice from the errors which form the basis of his complaint; or that refusal to hear the claim will result in a fundamental miscarriage of justice. *Id.* at 1470. The Court also noted that the language of § 2255 has been construed "to be the 'material equivalent' of the abuse standard in § 2244." *Id.* at 1465 (quoting *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 1076, 10 L.Ed.2d 148 (1963)). This Court has already extended the *McCleskey* test to § 2255 motions. See *United States v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993). We have not decided whether the *McCleskey* "cause" and "prejudice" test applies to § 2244 motions,

---

[1]  499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)

but we now hold that it does.

The district court properly determined that Tubwell demonstrated "cause" for failing to raise the issue concerning the Parole Commission's scheduling notice in his prior motion. Although Tubwell received the notice in August 1991, prior to filing his previous motion in August 1992, he could not argue that he had been deprived of any rights arising under the notice until the Commission failed to hold a hearing in July 1993.

However, Tubwell has failed to demonstrate prejudice. He argues for the first time on appeal that federal regulations further support his argument that the notice gave rise to a liberty interest in a parole revocation hearing. A regulation may create a protected liberty interest if it uses mandatory language to place a substantive limit on official discretion. See *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). The provision Tubwell relies upon provides:

> If a prisoner is serving a new state...sentence, the Regional Commissioner, following a dispositional record may:...Order a revocation hearing to be conducted by a hearing examiner or an official designated by the Regional Commissioner at the institution in which the parolee is confined.

28 C.F.R. § 2.47(c)(ii) (1993). The language of the regulation reflects that the decision whether to conduct a revocation hearing following a review is discretionary. Therefore, the regulation does not create a liberty interest in receiving a parole revocation hearing at any particular time in the review process.

Nor does the Parole Commission's notice contain language creating a liberty interest in a hearing in July 1993. Dated

7

August 1, 1991 and sent by the Commission to the state penitentiary and Tubwell, the notice stated, "LET THE DETAINER STAND AND SCHEDULE FOR A DISPOSITIONAL REVOCATIONAL HEARING 7/93." On its face, the notice did not contain mandatory language placing limits on the discretion of the Commission with respect to the scheduling of the parole revocation hearing. Tubwell has not demonstrated that the notice itself, or in conjunction with the regulations, creates a liberty interest in an immediate revocation hearing. Therefore, we find that the district court did not err in denying Tubwell *habeas* relief based on this claim.

*Evidentiary Hearing*

Tubwell contends that the district court erred in failing to hold an evidentiary hearing and in failing to appoint counsel. He argues that a hearing is necessary to challenge the factual dispute arising from the Parole Commission's October 1993 memorandum letter stating that the scheduling notice Tubwell received was erroneous.

"To receive a federal evidentiary hearing, the burden is on the *habeas corpus* petitioner to allege facts which, if proved, would entitle him to relief." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 493 U.S. 970, 110 S.Ct. 419, 107 L.Ed.2d 384 (1989). An evidentiary hearing is not required if the record is complete or the petitioner raises only legal claims that can be resolved without the presentation of additional evidence. *Id.*

Tubwell has not alleged any facts which, if proved at a hearing, would entitled him to *habeas* relief. He has failed to submit any evidence demonstrating that the Parole Commission's

8

interpretation of its regulations is erroneous or that the regulations have been interpreted to require a parole revocation hearing upon the issuance of a scheduling notice. We find that Tubwell has not demonstrated that he is entitled to an evidentiary hearing. Nor has he demonstrated that the interests of justice would be served by the appointment of counsel. See *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).

## CONCLUSION

Based on the reasons articulated above, we AFFIRM the judgment of the district court.

9