IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60229
Conference Calendar

_____

JERRY COOK,

                                        Plaintiff-Appellant,

versus

KHURSHID Z. YUSUFF,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:00-CV-16-Brs
--------------------
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Jerry Cook, federal prisoner #03509-043, appeals from the
district court's dismissal of his 28 U.S.C. § 2241 petition for a
writ of habeas corpus based on a lack of jurisdiction.  After a
de novo review of the record, we dismiss the appeal as frivolous.

    Cook argues that his § 2241 petition was proper because both
a prior motion under § 2255 and a motion for leave to file a
second or successive § 2255 motion were denied.  We have
consistently noted, however, that a prior denial of a § 2255
motion or the denial of a motion for leave to file a second or

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

successive § 2255 motion does not render the § 2255 remedy inadequate or ineffective so as to permit a petition under § 2241.  See Pack v. Yusuff, 218 F.3d 448, 452-53 (5th Cir. 2000).

Cook also argues that his § 2241 petition was proper because he is actually innocent of the offense for which he was convicted.  Cook merely attempts to avoid prior decisions made under § 2255 by impermissibly offering the same or similar arguments under § 2241.  See Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000).

Cook further argues that the district court erred by not granting him an evidentiary hearing.  We find that the district court did not err by not holding a hearing.  See United States v. Tubwell, 37 F.3d 175, 179 (5th Cir. 1994)("An evidentiary hearing is not required if the record is complete or the petitioner raises only legal claims that can be reviewed without the presentation of additional evidence.").

Finally, Cook argues that he should be granted habeas relief because of a new rule of constitutional law made retroactive to cases on collateral review in Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149-152 (1999).  Such an argument is properly made in a motion for leave to file a second or successive motion under 28 U.S.C. § 2255.  Because the pleadings of pro se litigants are to be liberally construed; Haines v. Kerner, 404 U.S. 519, 520 (1972); we interpret Cook's argument as a request for leave to file a successive motion under § 2255, but we deny his request. Cook's reliance on Kumho is misplaced because that case did not

announce a new rule of constitutional law but rather further refined the scope of Fed. R. Evid. 702. See Kumho Tire Co., 526 U.S. at 158.

Because the appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. This is the fourth time that Cook has been before this court challenging his 1994 conviction and sentence for armed bank robbery. He is warned that further frivolous pleadings in this court challenging this conviction and/or sentence will invite the imposition of sanctions, which may include monetary fines and/or restrictions on his ability to file future pleadings in federal court.

APPEAL DISMISSED; SANCTION WARNING ISSUED.