# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 00-30279
### Summary Calendar

_____

EDWARD W. DAVIDSON,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF JUSTICE;
JANET RENO; JAMES B. TUCKER;
JOHN R. SIMPSON; KATHLEEN M. HAWK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(99-CV-447)

_____

November 15, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Edward W. Davidson, federal prisoner # 87586-024, is serving two concurrent life sentences pursuant to a 1981 federal guilty-plea conviction for conspiracy to kidnap and a 1981 state (Mississippi) guilty-plea conviction for murder. (Davidson has moved for leave to supplement the record on appeal. Because the materials at issue were *not* considered by the district court, the motion is **DENIED**. *See **United States v. Flores***, 887 F.2d 543, 546

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1989).)

Davidson appeals, *pro se*, the dismissal of his 28 U.S.C. § 2241 habeas petition as successive to his 7 September 1995, 28 U.S.C. § 2241 habeas petition.  Both petitions challenged his parole proceedings.

Pursuant to 28 U.S.C. § 2244(a), a district judge is *not* required to entertain a habeas application inquiring into a person's detention pursuant to a United States court judgment if it appears that the legality of such detention has been determined by a United States court on a prior application for a habeas writ. Interpreting a prior, but substantially similar, version of this statute, our court held that 28 U.S.C. § 2244(a) applied to 28 U.S.C. § 2241 habeas petitions.  *See* **United States v. Tubwell**, 37 F.3d 175, 178 (5th Cir. 1994).  Our court has *not* yet determined, however, whether the gate-keeping provisions of 28 U.S.C. § 2244(b), which require certification by a court of appeals before a successive application may be filed in the district court, apply to 28 U.S.C. § 2241 petitions.  *See* **Davis v. Fechtel**, 150 F.3d 486, 490-91 (5th Cir. 1998).  That issue need *not* be resolved in this case, because, even if it were decided in Davidson's favor and he was *not* subjected to such gate-keeping requirements, there would be *no* reversible error arising from the district court's discretionary dismissal of his case as successive under 28 U.S.C. § 2244(a).

Restated, the district court did *not* abuse its discretion in

2

dismissing, under 28 U.S.C. § 2244(a), Davidson's instant § 2241 petition as successive. *See **McGary v. Scott***, 27 F.3d 181, 183 (5th Cir. 1994). Davidson has failed to identify any erroneous legal conclusion or clearly erroneous factual finding by the district court. *See **id.*** Moreover, the jurisprudence interpreting the prior version of 28 U.S.C. § 2244(a) supports the dismissal of Davidson's petition, because he has *not* shown: (1) *cause* for failing to raise in his 1995 petition any new claims arguably raised by his instant petition and *prejudice* arising from the asserted errors; or (2) that refusal to hear his claims will result in a fundamental miscarriage of justice. *See **Tubwell***, 37 F.3d at 178; ***McCleskey v. Zant***, 499 U.S. 467, 494-95 (1991).

*MOTION DENIED; JUDGMENT AFFIRMED.*