IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41194
Summary Calendar
_____


LARRY DEAN TURNER,

                                        Petitioner-Appellant,

versus

U.S. PAROLE COMMISSION; JOHN ASHCROFT,
     U.S. Attorney General,

                                        Respondents-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - -

LARRY DEAN TURNER,

                                        Petitioner-Appellant,

versus

U.S. PAROLE COMMISSION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:99-CV-283
--------------------
July 24, 2001
Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Larry Dean Turner, inmate # 88192-132, argues that the

district court erred when it determined that claims he made about

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the forfeiture of time served while on parole and while in prison on a state conviction were successive under 28 U.S.C. § 2244(a). Pursuant to 28 U.S.C. § 2244(a), a district judge is not required to entertain a habeas application inquiring into a person's detention pursuant to a United States court judgment if it appears that the legality of such detention has been determined by a United States court on a prior application for a habeas writ. Interpreting a prior, but substantially similar, version of this statute, our court held that 28 U.S.C. § 2244(a) applied to 28 U.S.C. § 2241 habeas petitions. See United States v. Tubwell, 37 F.3d 175, 178 (5th Cir. 1994). Our court has *not* yet determined, however, whether the gate-keeping provisions of 28 U.S.C. § 2244(b), which require certification by a court of appeals before a successive application may be filed in the district court, apply to 28 U.S.C. § 2241 petitions. See Davis v. Fechtel, 150 F.3d 486, 490-91 (5th Cir. 1998).

Under either pre-AEDPA law or the current statute, Turner's challenge to the 1992 revocation of his parole is not successive or an abuse of the writ. Turner's appellate argument goes to the execution of the second parole violator while the claim raised and decided by the Tenth Circuit in Turner v. U.S. Parole Commission, 934 F.2d 254 (10th Cir. 1992), went to the issuance of the warrant. The Tenth Circuit did not address whether Turner's credit for street time and the time he was incarcerated in state prison could be forfeited because the parole violator warrant had not yet been executed. As Turner submits, he could not have raised the instant claim in the petition ruled on by the

Tenth Circuit because his parole revocation hearing was held after the Tenth Circuit decided that the Commission had authority to issue a second parole violator warrant.

The district court's dismissal of Turner's petition as successive is VACATED and the case is REMANDED for proceedings on the merits. Inasmuch as Turner does not make any appellate argument about the 1999 parole revocation, the claims he made in the district court are deemed waived. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).