**Leroy ELLIS, Petitioner–Appellant,**

v.

**Keith E. OLSON, Warden, Respondent–Appellee.**

**No. 01–1507.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2001.*

Decided Oct. 16, 2001.

Before BAUER, EASTERBROOK, EVANS, Circuit Judges.

**ORDER**

Federal prisoner Leroy Ellis petitioned under 28 U.S.C. § 2241 for an order directing the Bureau of Prisons ("BOP") to recalculate the date on which his federal prison term began to run. Because Ellis previously litigated the same issue in an earlier § 2241 petition, the district court dismissed with prejudice. We affirm.

Florida authorities arrested Ellis in February 1992 on charges of robbing several convenience stores. While he was in Florida's custody, federal authorities in the Northern District of Florida took custody of Ellis pursuant to a writ of habeas corpus ad prosequendum. He subsequently pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). In November 1992 the federal court sentenced him to a total of 137 months' imprisonment and three years of supervised release. Federal authorities then returned him to state custody. A Florida

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

court convicted him of robbery, attempted robbery, and escape, and sentenced him to a total of seven years' imprisonment.

Ellis did not go straight to state prison. Instead Florida officials mistakenly returned him to federal authorities, who in January 1993 sent him to a federal prison in Atlanta, Georgia. The mistake was discovered a little more than a year later when Ellis was transferred to Talladega, Alabama. Federal authorities returned Ellis to Florida's custody in March 1994. Florida credited the year in BOP custody against Ellis's state sentences and released him back to federal authorities in July 1996, when he completed his state sentences. BOP used that date as the starting point of Ellis's federal sentences and sent him to the federal prison in Lewisburg, Pennsylvania.

While at Lewisburg Ellis filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania. He argued that he was entitled to credit toward his federal sentences for the year in BOP custody. The district court disagreed, and in affirming that ruling the Third Circuit held that Ellis's federal prison terms did not commence until July 1996, when he was officially received into federal custody after completing his Florida sentences. *Ellis v. True,* No. 98–7117, 1998 WL 794762 (3d Cir. Aug. 19, 1998) (unpublished). The court also held that, because Florida had given Ellis credit for the mistaken prison time, BOP was prohibited by 18 U.S.C. § 3585 from "double-crediting" him for this same period. *Id.* at 3.

In 1998 Ellis was transferred to the federal penitentiary in Terre Haute, Indiana. While there he reinitiated BOP administrative procedures to gain credit toward his sentences. This time, however, he also requested credit for the entire length of his state sentences, arguing that his state and federal time should have run

concurrently. In responding to Ellis's request, BOP contacted the federal sentencing court and was informed that the court had not intended Ellis's federal sentences to run concurrently with any state sentences. BOP then noted that Ellis's federal and state convictions were based on different conduct and concluded that awarding credit for his service of state time would not serve the interests of justice.

Ellis responded with this § 2241 petition filed in the United States District Court for the Southern District of Indiana. He sought credit toward his federal sentences for all time after he reached the federal prison in Atlanta in January 1993. Ellis reasoned that his federal sentences "commenced" when he was received in Atlanta and that, by operation of law, they could not be interrupted once started. According to Ellis this legal principle required that he also receive credit for time served in the Florida prison after federal authorities sent him back. The district court concluded that Ellis was attempting to relitigate the same question resolved against him by the Third Circuit and dismissed his petition with prejudice.

Ellis argues on appeal that his present § 2241 petition rests on different grounds than his first petition and thus is not barred by the Third Circuit's disposition. He points out that in his previous petition he requested credit only for the year in BOP custody, while in his current petition he also requests credit for the time after he was returned to Florida. As he did in the district court, Ellis argues that his federal prison term "commenced" in January 1993 because BOP officials kept him when he arrived on that date rather than immediately returning him to Florida. He further agues that his federal sentences, once started, continued to run even during his subsequent state incarceration. He

also asserts that the Third Circuit erred in construing § 3585(b) as a bar to "double-crediting."

Recent limitations on successive attempts at collateral relief adopted as part of the Antiterrorism and Effective Death Penalty Act do not apply to § 2241 petitions. *See Romandine v. United States,* 206 F.3d 731, 736 (7th Cir.2000). However, 28 U.S.C. § 2244(a), in existence long before AEDPA, bars successive petitions under § 2241 directed to the same issue. *See Valona v. United States,* 138 F.3d 693, 694 (7th Cir.1998); *George v. Perrill,* 62 F.3d 333, 334 (10th Cir.1995); *United States v. Tubwell,* 37 F.3d 175, 177–78 (5th Cir.1994). That section provides: "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a).

Ellis has raised the same legal issue in both petitions, namely, whether his federal sentences "commenced" when he was mistakenly sent to federal authorities. Ellis attempts to put a slightly different spin on his new petition by claiming now that once his federal sentences commenced they continued running. These arguments represent two sides of the same coin. Unless the federal sentences commenced when Ellis was sent in error to BOP-an argument the Third Circuit explicitly rejected-Ellis's second argument is irrelevant. Both assertions, stripped of their nuances, boil down to a claim that BOP erred by beginning his prison term in July 1996. *See Tubwell,* 37 F.3d at 177 (some additional factual development in second petition did not save it from dismissal, since legal issues raised in both petitions were identical). The district court thus properly prevented Ellis from relitigating the same issue resolved against him by the Third Circuit.

AFFIRMED.