IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-30609
Summary Calendar

———————————————

MOSES ROGERS,

Petitioner-Appellant,

versus

CARL CASTERLINE,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2582
--------------------
November 1, 2002

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Moses Rogers, federal prisoner #05596-078, appeals the dismissal of his 28 U.S.C. § 2241 petition filed in the court below December 11, 2001, challenging his 1996 conviction and sentence in the United States District Court for the Eastern District of Texas for possession of cocaine with intent to distribute (we affirmed Rogers's sentence on direct appeal, United States v. Rogers, No. 96-40655, 5th Cir. February 18,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997, unpublished). Rogers contends that the district court should have made findings before dismissing his petition, that his prior 28 U.S.C. § 2255 motion was denied erroneously by the United States District Court for the Eastern District of Texas in October 1999 (apparently no appeal was taken from that denial), that amending the indictment without resubmitting it to the grand jury deprived him of his right to indictment by grand jury, that his sentence had been improperly enhanced, and that his trial counsel was ineffective. The district court did not err in not holding an evidentiary hearing as Rogers's claims hinge on legal issues. See United States v. Tubwell, 37 F.3d 175, 179 (5th Cir. 1994).

The district court was correct that Rogers's claims were not properly brought under 28 U.S.C. § 2241 since his arguments involve alleged errors that occurred at or before sentencing. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Rogers's petition was really a 28 U.S.C. § 2255 motion over which the district court lacked jurisdiction because such a motion must be filed in the sentencing court, and authorization from this court is required before a successive 28 U.S.C. § 2255 motion may be heard by the district court. See 28 U.S.C. § 2255; United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).

Even a liberal reading of Rogers's brief as an attempt to bring his petition within the "savings clause" of 28 U.S.C. § 2255 is to no avail. Rogers has not shown that (1) his claims

are based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The district court's judgment is AFFIRMED.