United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10243
Conference Calendar

JERRY PARDUE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-809-L
---------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jerry Pardue, federal prisoner # 06225-112, appeals the district court's dismissal with prejudice of his 28 U.S.C. § 2241 petition. Pardue argues that his claims fall under the savings clause of 28 U.S.C. § 2255 because he is actually innocent of the crime of which he was convicted. He also argues that the district court erred when it dismissed his petition without holding an evidentiary hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pardue's savings clause argument is premised upon his assertion that there were numerous errors in pre-trial proceedings, in his trial, and in the manner in which the courts have handled his post-conviction proceedings. Pardue does not argue that there is a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense. He also does not argue that his claims were previously foreclosed by circuit law. By failing to address the savings clause prerequisites as set forth in Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001), Pardue has failed to show that the 28 U.S.C. § 2255 remedy is inadequate or ineffective. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Additionally, Pardue's argument that the district court erred when it dismissed his case without holding a hearing lacks merit. See 28 U.S.C. § 2243; United States v. Tubwell, 37 F.3d 175, 179 (5th Cir. 1994).

The judgment of the district court is therefore AFFIRMED.