United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20056
Summary Calendar

_____

JOSEPH JAMES FALCETTA, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-2146
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Joseph James Falcetta, Jr., Texas prisoner number 822447,
robbed a bus that was traveling from Dallas, Texas, to a casino
in Louisiana.  He was then convicted of federal charges of armed
robbery of a motor vehicle and possession of a firearm during a
crime of violence and sentenced to serve 191 months in prison.
He was also convicted of state charges of aggravated robbery and
sentenced to serve 44 years in prison.  Falcetta filed a
28 U.S.C. § 2241 habeas corpus petition to challenge the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consecutive manner in which his sentences are being served, and he now appeals the district court's dismissal of his § 2241 petition. Falcetta argues that his federal sentence should have been imposed to run concurrently with his prospective state sentence under U.S.S.G. § 5G1.3(b), that his sentences cannot be imposed to run consecutively under 18 U.S.C. § 3584, and that the federal sentencing judge did not intend for his sentences to be consecutive. He also argues that his sentences are improper under Blakely v. Washington, 124 S. Ct. 2531 (2004).

In analyzing the propriety of the district court's dismissal of Falcetta's § 2241 petition, we review the district court's findings of fact for clear error. Free v. Miles, 333 F.3d 550, 552 (5th Cir. 2003). We apply de novo review to the district court's disposition of legal issues. Id. There is nothing in the record to indicate that the sentencing judge wanted Falcetta's sentences to run concurrently, nor does the statute require that they do so. Falcetta's § 5G1.3(b) argument relates to an error that occurred at sentencing and thus should not be considered in this § 2241 action. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). We decline to consider Falcetta's Blakely argument because it was not presented to the district court. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Falcetta has not shown that the district court erred in rejecting his arguments and dismissing his § 2241 petition. Consequently, the judgment of the district court is AFFIRMED.