**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30621
Summary Calendar

GABRIEL JENNINGS,

Petitioner-Appellant,

versus

FREDDICK MENIFEE,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
No. 1:05-CV-1483
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gabriel Jennings, a federal prisoner, appeals the dismissal of his 28 U.S.C. § 2241 petition wherein he challenges his conviction under the federal arson statute, 18 U.S.C. § 844(i). The district court dismissed the petition as an abuse of the writ because Jennings had raised the same claim in an earlier § 2241 petition. We review <u>de novo</u> the dismissal of a § 2241 petition on the pleadings. <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jennings challenges his arson conviction under <u>Jones v. United States</u>, 529 U.S. 848 (2000). He argues that the issue in his current petition is whether he was convicted of a nonexistent offense under <u>Jones</u>. He posits that he did not raise this same issue in his prior petition, where, he asserts, he claimed that the district court improperly instructed the jury.

Based on our review of the record and Jennings's pleadings in his prior petition, both in the district court and on appeal, we conclude that Jennings raised the same challenge to his conviction based on the holding in <u>Jones</u> and the alleged lack of an interstate commerce element to his offense. The district court did not err by holding that Jennings's instant petition fails to raise a new issue and is an abuse of the writ. <u>See</u> 28 U.S.C. § 2244(a); <u>United States v. Tubwell</u>, 37 F.3d 175, 177-78 (5th Cir. 1994).

AFFIRMED.