# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2010

Lyle W. Cayce
Clerk

No. 10-50203
Summary Calendar

JOSEPH JAMES FALCETTA, JR.,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CV-58

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joseph James Falcetta, Jr., Texas prisoner # 822447, moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's certification that his appeal was not taken in good faith. The district court construed Falcetta's 28 U.S.C. §2241 habeas corpus petition as arising under 28 U.S.C. § 2255 and dismissed the constructive § 2255 motion as successive and unauthorized.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50203

Falcetta challenges the apparent decision of the Bureau of Prisons (BOP) to have him serve his 191-month federal sentence consecutively to his 44-year state sentence. We previously affirmed the district court's denial of a previous § 2241 habeas corpus petition. *Falcetta v. United States,* 155 F. App'x 762 (5th Cir. 2005). We construe the current petition as challenging the execution of Falcetta's sentence and thus arising under § 2241. *See Pack v. Yussuf,* 218 F.3d 448, 451 (5th Cir. 2000).

Falcetta argues that the district court's intent in sentencing him, as expressed in a newspaper article, was to impose his federal sentences to run concurrently with his state sentences; that federal law presumes the concurrent service of federal and state sentences based on the same course of conduct; and that the BOP is acting in violation of this court's opinion in *United States v. Martinez,* 274 F.3d 897 (5th Cir. 2001), by effectively imposing more than the "total punishment" allowed by an upward departure from the sentencing range in his federal case.

Falcetta raised his contentions about the district court's intent and the legal presumption of concurrent sentences in his first § 2241 petition. *Falcetta,* 155 F. App'x at 762. The instant petition is an abuse of the writ to the extent it raises issues already decided. *See Jennings v. Menifee,* 214 F. App'x 406, 407 (5th Cir. 2007).

Falcetta raises his contention about BOP's alleged noncompliance with this court's *Martinez* opinion for the first time on appeal. We do not consider Falcetta's claim. *See Leverette. v. Louisville Ladder Co*, 183 F.3d 339, 342 (5th Cir. 1999); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Falcetta's IFP motion is DENIED and his appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.