# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2011

Lyle W. Cayce
Clerk

No. 10-60966
Summary Calendar

LLOYD GEORGE MAXWELL,

Petitioner-Appellant

v.

UNITED STATES; BRUCE PEARSON,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:10-CV-151

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lloyd George Maxwell, federal prisoner # 23935-037, appeals the dismissal of his 28 U.S.C. § 2241 application to vacate the sentences from his 1987 convictions for conspiring to possess with intent to distribute cocaine and for possessing with intent to distribute cocaine.[1] The district court sua sponte dismissed the case as frivolous to the extent that it claimed relief under § 2241

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 21 U.S.C. §§ 846 and 841(a)(1), 18 U.S.C. § 2.

and dismissed it for lack of jurisdiction to the extent that it could be construed as seeking relief under 28 U.S.C. § 2255.

Maxwell was released from prison in November 2010. He now lives in Jamaica, having been removed from the United States by Immigration and Customs Enforcement.

We are obligated to examine whether we have jurisdiction over this appeal.[2] We note that the record does not explain why Maxwell, who was sentenced to concurrent five-year prison terms in 1988, was still incarcerated when he filed his § 2241 application in 2010. More importantly, the record does not show, and Maxwell does not assert, that he is serving the supervised release term imposed on one of his convictions. Accordingly, any claim for § 2241 relief challenging the execution of Maxwell's sentences would be moot, and we have no jurisdiction to consider moot matters.[3]

Because Maxwell "attacks errors that occur[red] at trial or sentencing," his ostensible § 2241 application is properly construed under § 2255.[4] However, Maxwell was sentenced in the United States District Court for the District of Maryland, not in Mississippi, where he filed this action. Because a § 2255 motion must be filed in the sentencing court, the district court had no jurisdiction to adjudicate Maxwell's § 2255 claims.[5] Thus "the district court was without the power to rule on" Maxwell's § 2255 claims, and we have no jurisdiction to review their merits.[6] This court's jurisdiction extends only to the

---

[2] *See Dailey v. Vought Aircraft Co.,* 141 F.3d 224, 227 (5th Cir. 1998).

[3] *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

[4] *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000); *see also United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994).

[5] *See* § 2255(a); *Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001).

[6] *United States v. Key*, 205 F.3d 773, 775 (5th Cir. 2000).

question of whether the district court erred in entertaining the matter as a § 2255 proceeding.[7]

Under the savings clause, Maxwell might have avoided the jurisdictional bar to challenge the correctness of his federal sentences under § 2255 if he had demonstrated that no adequate or effective relief was attainable by motion under that section and therefore that relief under § 2241 was proper.[8] If that were the case, a § 2241 application challenging the imposition of Maxwell's sentences could have been brought in the Southern District of Mississippi.[9] Maxwell, however, makes no effort to demonstrate that the district court erred in determining that he failed to show that the savings clause applied. Because Maxwell fails to identify error in the district court's analysis on this issue, it is as though he failed to appeal that part of the decision.[10] Maxwell has abandoned any claim that the district court erred in not allowing him to proceed under § 2241 through application of § 2255(e)'s savings clause.[11]

The appeal is DISMISSED as moot to the extent that the suit challenges the execution of Maxwell's sentences under § 2241, and the district court's judgment is AFFIRMED to the extent that the suit challenges the correctness of Maxwell's sentences under either § 2255 or § 2241.

Maxwell has also filed a motion for leave to file a supplemental brief. There, he contends that his attorney, in providing counsel on whether Maxwell should accept a plea agreement, failed to tell Maxwell that his status as a permanent resident would be affected if he proceeded to trial and was found

---

[7] *Id.* at 774.

[8] *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (construing the savings clause in § 2255(e)).

[9] *See Reyes-Requena*, 243 F.3d at 895 n.3.

[10] *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

[11] *See id.*

guilty. Maxwell contends the plea agreement offer would have allowed him to stay in the country. Because we are dismissing the case, we DENY Maxwell's motion to file this brief.[12]

---

[12] We note that the issue Maxwell raises is pending before the Supreme Court in *Missouri v. Frye*, 131 S. Ct. 856 (2011). If Maxwell wishes to pursue this matter further, he must raise it with the United States District Court for the District of Maryland.