# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 17, 2011

Lyle W. Cayce
Clerk

No. 11-10361
Summary Calendar

LEVI WOODERTS, JR.,

Petitioner-Appellant,

versus

REBECCA TAMEZ,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-307

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Levi Wooderts, Jr., federal prisoner # 29639-077, moves to proceed *in forma pauperis* ("IFP") to appeal the dismissal, as an abuse of the writ, of his 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10361

U.S.C. § 2241 application. Wooderts raised due process, double jeopardy, and cruel-and-unusual-punishment claims, arguing that he should receive credit for time spent in state custody. The district court denied Wooderts leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

By moving to proceed IFP, Wooderts challenges the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We review for abuse of discretion a district court's decision to dismiss a habeas application as an abuse of the writ. *James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995).

Wooderts asserts that his application presented meritorious new claims, and he argues that he can demonstrate cause, based on government interference, to overcome dismissal for abuse of the writ. The application was an abuse of the writ because "the legal issue remains the same as the issue raised in his" original 2005 § 2241 application, i.e., whether he should receive time credited to his federal sentence for the time spent in state custody from October 1, 1996, to April 25, 1997. *United States v. Tubwell*, 37 F.3d 175, 178 (5th Cir. 1994) (observing that 28 U.S.C. § 2244(a) applies to § 2241 applications).

Wooderts's attempts to characterize the same alleged defect as violations of due process and double jeopardy do not constitute cause for the purpose of overcoming abuse of the writ. *See James v. Cain*, 50 F.3d 1327, 1333-34 (5th Cir. 1995). Wooderts has also not demonstrated cause by showing that government interference rendered his claims previously unavailable to him, because no "external impediment" prevented him from constructing or raising the claims earlier. *McCleskey v. Zant*, 499 U.S. 467, 497-98 (1991).

The district court did not abuse its discretion in dismissing the application as an abuse of the writ. Wooderts has not shown that his appeal involves a non-frivolous issue. Consequently, his request to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24 (5th Cir.

No. 11-10361

1997); 5TH CIR. R. 42.2.  Wooderts's motion to supplement his brief is also DENIED.

Wooderts has previously been warned that frivolous, repetitive, or otherwise abusive filings would invite sanctions.  He has failed to heed that warning.  Accordingly, he is ORDERED to pay a sanction of $100 to the Clerk of this Court.  He is BARRED from filing any pleading in this court or any court subject to this court's jurisdiction seeking credit for time served in state custody until the sanction has been paid in full, unless he first obtains leave of the court in which he seeks to file such a pleading.  Wooderts is further CAUTIONED that any future frivolous, repetitive, or otherwise abusive filings in the district court or in this court will subject him to additional and progressively more severe sanctions.