**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2012

Lyle W. Cayce
Clerk

No. 11-10916
Summary Calendar

FRANKLIN L. WILLIAMS,

Petitioner-Appellant

v.

REBECCA TAMEZ,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-577

Before DENNIS, CLEMENT, and OWEN, Circuit Judges

PER CURIAM:[*]

Franklin L. Williams, federal prisoner # 12952-021, moves to proceed in forma pauperis (IFP) to appeal the dismissal, as an abuse of the writ, of his 28 U.S.C. § 2241 petition. Williams argued that he was actually innocent of the drug charge for which he was convicted in Georgia state court because the indictment against him did not result from proper grand jury proceedings and therefore was void. He also argued that his trial counsel was ineffective and that he should be allowed to proceed under the savings clause of 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2255(e). The district court denied Williams leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

By moving to proceed IFP, Williams challenges the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We review for abuse of discretion a district court's decision to dismiss a habeas petition as an abuse of the writ. *James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995).

Williams maintains that his appeal is not frivolous because the Georgia state indictment against him was void, thereby rendering him actually innocent of the state drug charges, and because his trial counsel failed to render effective assistance. He also contends that his filing is not an abuse of the writ because he is trying to achieve justice, challenge the legality of his detention, and prove his actual innocence. The petition was an abuse of the writ because "the legal issue remains the same as the issue raised in his" § 2241 petitions filed in June 2010 and February 2011, i.e., whether he should be allowed to proceed under the savings clause of § 2255(e) to pursue his claims that the state indictment was null and void and that his trial counsel was ineffective for failing to challenge that indictment. *United States v. Tubwell*, 37 F.3d 175, 178 (5th Cir. 1994) (observing that 28 U.S.C. § 2244(a) applies to § 2241 petitions).

The district court did not abuse its discretion in dismissing the petition as an abuse of the writ. Williams has not shown that his appeal involves a nonfrivolous issue. Consequently, his request to proceed IFP is DENIED, his motion for appointment of counsel is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Williams's motion for leave to file a corrected brief also is DENIED.

Williams is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.