# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2012

No. 11-50935
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT WAINWRIGHT,

　　　　　　　　　　　　　　　　Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 3:11-CV-184

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

　　Robert Wainwright, federal prisoner # 09330-027, filed this 28 U.S.C. § 2241 petition challenging his conviction, under 18 U.S.C. § 922(g), of being a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felon in possession of firearms. His notice of appeal, filed more than sixty days after entry of judgment, was not timely as to the dismissal of his § 2241 petition, so we lack jurisdiction to review that dismissal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Wainwright's notice of appeal was timely as to the denial of his motion filed pursuant to Federal Rule of Civil Procedure 60(b), giving us jurisdiction to review that ruling. *See Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996).

Wainwright argues that the district court erred in denying his motion to appoint counsel. He challenges the finding of no extraordinary circumstances warranting Rule 60(b) relief. He also contends that the district court's citation to *Scarborough v. United States*, 431 U.S. 563 (1977), was inapposite, and he contends that § 922(g) does not apply to possession of a firearm even if there is an interstate nexus.

Relief under Rule 60(b)(6) is warranted only if there are extraordinary circumstances. *Williams v. Thaler*, 602 F.3d 291, 311-12 (5th Cir. 2010). We review the denial of Rule 60(b) relief for abuse of discretion. *Id.* at 312.

The district court correctly applied the relevant authorities governing the appointment of counsel in a federal habeas corpus proceeding. 18 U.S.C. § 3006A(a)(2); *Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985). The court noted that the instant case does not involve particularly complex issues and that Wainwright's *pro se* pleadings adequately highlighted the issues and facts. The court did not abuse its discretion in deciding that the interests of justice did not require the appointment of counsel. *See United States v. Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994) (applying *Schwander* in a § 2241 case).

Regarding Wainwright's Commerce Clause argument, in *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996), we held that we were bound by *Scarborough*, 431 U.S. at 575, that § 922(g)(1), the felon-in-possession-of-a-firearm statute, is constitutional under the Commerce Clause. The district court did not abuse its discretion in denying the Rule 60(b) motion on that point by relying on

*Scarborough*.

Wainwright has not "demonstrated that the interests of justice would be served by the appointment of counsel." *See Tubwell*, 37 F.3d at 179. His motion is DENIED, and the judgment is AFFIRMED.