# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

No. 11-10854
Summary Calendar

April 30, 2012

Lyle W. Cayce
Clerk

DONALD PAXSON,

Petitioner-Appellant

v.

WARDEN REBECCA TAMEZ,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-482

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Donald Paxson, federal prisoner # 82915-180, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his concurrent 70-month prison sentences for possession of child pornography and receipt of child pornography.  Paxson also moves for the appointment of counsel.

Paxson argues that the district court erred in dismissing his petition because (1) he would otherwise be denied the opportunity to "test the legality of his conviction" and to prove that he was actually innocent, and (2) his petition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

falls within the savings clause of 28 U.S.C. 2255(e) based on the holding in *Pack v. Yusuff*, 218 F.3d 448 (5th Cir. 2000). Paxson also asserts that the district court should have applied 28 U.S.C. § 1651, the All Writs Act, to transfer his petition to the appellate court with the appropriate jurisdiction.

We review a district court's dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452. A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000).

To demonstrate that the remedy provided under § 2255 is inadequate or ineffective, Paxson must establish that his claim is "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The first "factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is actually innocent," meaning that he "may have been imprisoned for conduct that was not prohibited by law." *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2001) (internal quotation marks and citation omitted). Paxson's assertions that his indictment, plea agreement, and guilty plea were invalid do not meet this standard because the claims do not rely on a retroactively applicable Supreme Court decision showing that he was convicted of a nonexistent offense. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005).

Paxson's assertion that the district court should have transferred his petition pursuant to § 1651 is equally unavailing. Construing Paxson's petition

No. 11-10854

as a § 2255 motion and transferring it to a court with proper jurisdiction rather than dismissing the petition would not have served the best interests of justice given that Paxson had previously filed § 2255 motions and would have been required to seek permission before filing a successive motion. *See* 28 U.S.C. § 1631. Accordingly, the district court's judgment is AFFIRMED. Furthermore, because Paxson has not "demonstrated that the interests of justice would be served by the appointment of counsel," his motion is DENIED. *United States v. Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994).