# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2020

Lyle W. Cayce
Clerk

No. 19-10788
Summary Calendar

James Lewis,

*Petitioner—Appellant*,

*versus*

United States of America,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2306

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

James Lewis, federal prisoner # 46457-177, has appealed the denial of his petition for a writ of habeas corpus, under 28 U.S.C. § 2241, challenging the computation of his sentence by the Bureau of Prisons. The district court determined that Lewis had received all of the credits to which he was entitled.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10788

The entire period between the date of his arrest and the date of his arrival at the federal prison should have been credited, Lewis contends, because his federal sentence was ordered to be served concurrently with his state sentence. This contention is without merit and is not supported by the record. *See* 18 U.S.C. § 3585(b). The federal sentence was ordered to be served consecutively to any parole revocation sentence in Texas case number F-0756160.

Lewis contends that he did not serve a revocation sentence and that the district court should have held a hearing to resolve this question. We have not reached these contentions. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (Ordinarily, "[t]his court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances."). Lewis contends that he was not provided with a revocation hearing by the state. This question has not been considered. *See id.* We note that the question whether Lewis served a revocation sentence is not reasonably in dispute; the record contains the "Proclamation of Revocation and Warrant of Arrest" concerning the revocation of Lewis's parole. *See United States v. Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994).

Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2. We WARN Lewis that any future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Lewis should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.