**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 5, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-50936

_____

HAROLD EUGENE FREE,

Petitioner-Appellant,

v.

R. D. MILES, Warden, FCI Bastrop,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas, Austin Division

_____

Before WIENER and CLEMENT, Circuit Judges, and LITTLE[*], District
Judge.

PER CURIAM:

Petitioner-Appellant Harold Eugene Free appeals the district
court's decision granting in part and denying in part his pro se
habeas corpus petition under 28 U.S.C. § 2241.  As the district
court granted the relief sought by Free regarding the effective
starting date of his federal incarceration, Free has appealed only
that court's denial of relief regarding his entitlement to a time-
served credit.  We affirm.

_____

[*] District Judge for the Western District of Louisiana,
sitting by designation.

## I. FACTS AND PROCEEDINGS

Free began a back-and-forth odyssey between state and federal prisons in November 1996, when the State of Texas convicted him for cocaine delivery, sentenced him to eight years' imprisonment, and incarcerated him in a state prison. The next month, a federal grand jury indicted him on two counts of distribution of cocaine based on facts unrelated to those underlying his state conviction; and Free was transferred to federal custody on a writ of habeas corpus ad prosequendum.

In federal court, Free pleaded guilty to a single count of cocaine base distribution, and, in June 1997, the district court sentenced him to 100 months' imprisonment in federal prison, to be followed by five years' supervised release. The district court's sentencing order did not specify whether Free's federal sentence would be served concurrently with or consecutively to his state sentence, and Free did not file a direct appeal.

Following his federal sentencing, Free was transferred, on June 27, 1997, to a Federal Correctional Institute ("FCI") in Colorado. In December of that year, Bureau of Prison ("BOP") officials realized their mistake: Free should have been returned to the Texas Department of Corrections ("TDC") to complete his state sentence before starting to serve his federal sentence. The BOP returned Free to state custody on December 29, 1997.

In April 2000, Free was paroled by Texas, and he was returned to federal custody to serve his federal sentence. Free is now

incarcerated at the FCI in Bastrop, Texas, as federal prisoner no. 78186-080.  He is currently scheduled to be released on July 18, 2007.

In May 2001, Free filed a pro se habeas corpus petition under 28 U.S.C. § 2241, claiming that the BOP had (1) erroneously calculated the starting date for his federal sentence, and (2) failed to give him credit for the time he served while in state custody.  His case was assigned to a magistrate judge, who determined that (1) the BOP had erroneously calculated the starting date of Free's federal sentence, but (2) Free is not entitled to credit against his federal sentence for the time he served on his state sentence in state prison.  Neither Free nor the government filed timely objections, and the district court adopted the magistrate judge's findings and recommendations.

Free then filed a motion for a new trial or amendment of judgment.  Free maintained in his motion that his case is similar to Luther v. Vanyar,[1] in which a prisoner was mistakenly transferred from federal to state custody, and was given federal credit for the time he served in state custody.  Apparently treating Free's motion as one for rehearing, the district court granted Free's motion and vacated its previous ruling.  Following its consideration of Luther and the relevant statutes, however, the district court again adopted the magistrate judge's original

---

[1] 14 F. Supp. 2d 773 (E.D.N.C. 1997).

recommendation that Free not receive a time-served credit on his federal sentence for the period of approximately two years that he had spent in state custody after his initial six-month incarceration in the Colorado FCI. Free timely filed a notice of appeal.

## II. ANALYSIS

A.   Standard of Review.

As Free filed a motion under § 2241, he need not obtain a certificate of appealability to proceed on appeal.[2]  In an appeal from a district court's denial of habeas relief, we review the findings of fact for clear error and rulings of law de novo.[3]

B.   Free's claim for credit against his federal sentence for time served in state custody on his state sentence.

Interestingly, Free's claim for time-served credit only makes sense in light of his successful petition on the issue of the proper starting date of his federal sentence.  In considering his § 2241 petition, the magistrate judge determined that Free's federal sentence began on June 27, 1997, because 18 U.S.C. § 3585(a) states that "a term of imprisonment commences on the date the defendant is received in custody . . . ."  Although Free was returned to the TDC on December 29, 1997, to complete his state sentence, he had by then served approximately six months in federal

---

[2] Ojo v. INS, 106 F.3d 680, 681-82 (5th Cir. 1997).  See also 28 U.S.C. § 2253(c).

[3] Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

4

custody, between June 27 and December 29, 1997. Thus, the magistrate judge concluded, Free's federal sentence "commenced" on June 27, 1997, and his period of approximately six months' incarceration at the Colorado FCI must be counted by the BOP as time served on his federal sentence.

On appeal, Free insists that the magistrate judge's rejection of his second habeas claim — credit towards his federal sentence for time served in state confinement — was improper given the recognition that he had begun to serve his federal sentence on June 27, 1997.[4] He contends that logic mandates that acknowledgment of his federal sentence's commencing on June 27, 1997 requires that he receive time-served credit for the approximately two-year "interruption" — between December 1997 and April 2000 — of his serving the federal sentence after the BOP returned him to the TDC to finish serving the state sentence. Free bases this conclusion on two propositions: (1) As the district court's sentencing order did not indicate that his federal and state sentences were to be served consecutively, those sentences must run concurrently, and (2) a common law rule requires that a prisoner be credited with

---

[4] Free offers two additional arguments in his appellate briefs: The district court failed to (1) comply with 18 U.S.C. § 3584(b), which requires the court to apply 18 U.S.C. § 3553(a) and United States Sentencing Guidelines § 5G1.3, and (2) award him credit against his federal sentence for his pre-sentence custody. As Free failed to raise either of these contentions before the magistrate judge or district court, we will not consider them on appeal. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

5

time served when an interruption in a prison sentence is not caused by, or is not the fault of, the prisoner himself.

Free's first contention is without merit. Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently.[5] Thus, Free's contention has the sentencing presumption reversed: A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively. Accordingly, Free's state and federal sentences ran consecutively, because the district court did not specify otherwise.

The proper resolution of Free's second contention is less obvious. We have not found a federal statute or a prior case in this circuit that specifically addresses the instant circumstances: (1) A state prisoner on "loan"[6] to federal authorities is convicted and sentenced for a federal crime; (2) the prisoner begins to serve his federal sentence through a mistake of the federal authorities and no fault of his own; (3) after serving less than his full federal sentence in federal custody, the prisoner is returned to state custody to complete his state sentence; and (4) after completion of his state sentence, the prisoner is returned to federal custody to complete his federal sentence. There is some

---

[5] 18 U.S.C. § 3584(a).

[6] Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980).

6

precedent that supports the rule that a sentence may be interrupted and re-started only if the interruption is the fault of the prisoner. In such cases, the period of interruption is not credited against the sentence as time served.[7] There is also precedent in other circuits suggesting that a federal sentence may be interrupted and re-started without time-served credit, regardless of whether the prisoner is at fault for the interruption.[8]

In urging that he should be granted time-served credit, Free

---

[7] See <u>Zerbst v. Kidwell</u>, 304 U.S. 359 (1938) (holding that paroled prisoners' commissions of other crimes interrupted original sentences); <u>Dunne v. Keohane</u>, 14 F.3d 335, 336 (7th Cir. 1994) (noting common law rule "that unless interrupted by fault of the prisoner . . . a prison sentence runs continuously from the date on which the defendant surrenders to begin serving it"); <u>In re Grand Jury Proceedings</u>, 541 F.2d 464 (5th Cir. 1976) (explaining that civil contempt confinement interrupts existing sentence for the term of the grand jury proceeding); <u>Lipscomb v. Clark</u>, 468 F.2d 1321 (5th Cir. 1972) (holding that issuance of "violator's warrant" interrupted another non-concurrent sentence); <u>Moultrie v. Georgia</u>, 464 F.2d 551 (5th Cir. 1972 (holding that violation of parole interrupts sentence).

[8] See <u>Dunne</u>, 14 F.3d at 337 (noting that back-and-forth returns of prisoner to and from state and federal custody "with no release into the free community" did not violate rule that government may not delay expiration of sentence through piecemeal incarceration); <u>Cox v. Federal Bureau of Prisons</u>, 643 F.2d 534 (8th Cir. 1981) (holding that prisoner not entitled to time-served credit against federal sentence for interruption of this sentence to complete state sentence); <u>Comulada v. Willingham</u>, 351 F.2d 936 (10th Cir. 1965) (holding that prisoner would not receive time-served credit against his federal sentence for the time he spent completing his state sentence after he was returned to local authorities, although his erroneous transfer to federal custody commenced his sentence).

relies heavily on the aforementioned <u>Luther</u> case.[9]  There, the defendant was convicted and sentenced on federal charges, but he absconded before his federal sentence commenced.  While on the lam, he was arrested and convicted on unrelated state charges.[10]  He was then erroneously transferred to federal custody, and served more than three years of his federal sentence before being returned to state custody.  On completion of his state sentence, that defendant was paroled and taken back into federal custody to complete his federal sentence.  The BOP did not give him credit against his federal sentence for the time he served in state custody, so he filed a § 2241 petition, challenging the BOP's decision.  The <u>Luther</u> court analogized the transfers to inadvertent prisoner <u>releases</u>, which present circumstances that courts have repeatedly held to be deserving of credit for time served.[11]  That court concluded: "Surely if a prisoner can be credited with time spent <u>at liberty</u> due to custodial mistake, a prisoner can be credited for time spent <u>in custody</u> due to custodial mistake."[12]

We conclude that the district court in <u>Luther</u> overbroadly applied the common law rule that a prisoner is entitled to credit

---

[9] <u>Luther v. Vanyur</u>, 14 F. Supp. 2d 773 (E.D.N.C. 1997).

[10] <u>Id.</u> at 774.

[11] <u>Green v. Christiansen</u>, 732 F.2d 1397, 1400 (9th Cir. 1984); <u>White v. Pearlman</u>, 42 F.2d 788, 789 (10th Cir. 1930); <u>United States v. Mazzoni</u>, 677 F. Supp. 339, 341-42 (E.D. Pa. 1987).

[12] <u>Luther</u>, 14 F. Supp. 2d at 779 (emphasis added).

8

for time served when he is incarcerated discontinuously through no fault of his own.[13]  The limited function of this rule is clear: Its sole purpose is to prevent the government from abusing its coercive power to imprison a person by artificially extending the duration of his sentence through releases and re-incarcerations.  As the Seventh Circuit recently explained:

> [This] common law rule has not been successfully invoked for many years, but we are not disposed to question its continued vitality in the core area of its application, when the government is trying to delay the expiration of the defendant's sentence.[14]

The Seventh Circuit refused to apply this common law rule in circumstances similar to Free's: An inmate was "reclassified" from being a federal prisoner to being a state prisoner for the purpose of having him finish serving his state sentence before serving his consecutive federal sentence.[15]  The Seventh Circuit recognized that, as there was "no release into the free community, . . . there was no postponement" of the federal sentence.[16]  Ergo, reasoned that court, there was no violation of the rule against piecemeal incarceration that results in the elongation of a prison sentence. On similar reasoning, the Eighth Circuit refused to grant time-

---

[13] Pearlman, 42 F.2d at 789 ("A sentence . . . means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments.").

[14] Dunne, 14 F.3d at 336-37.

[15] Id. at 335-36.

[16] Id. at 337.

served credit to a prisoner who was returned to state custody to complete a state sentence, and, on parole from state prison, was returned to federal custody to complete a <u>consecutive</u> federal sentence.[17]

It is apparent from the record that Free's <u>total</u> time of incarceration in both federal and state prisons has <u>not</u> been — and will not be — increased by even a single day as a result of his mistakenly serving the first six months of his federal sentence prior to completing the service of his state sentence. Although the BOP originally did not give Free credit for these six months, he rightly and successfully challenged that decision in the instant habeas petition; a result that the government has not appealed. Thus, Free is serving the correct total time of his <u>consecutive</u> state and federal sentences. That he will have done so in two shifts between sovereigns rather than one is of no moment.

### III. CONCLUSION

The rule against piecemeal incarceration precludes the government from artificially extending the expiration date of a prison sentence; the rule does not, however, justify or mandate that a prisoner receive a "get out of jail early" card any time that such a minuet occurs, even when the prisoner is not at fault. As we conclude that Free is not entitled to credit on his federal sentence for time served in state custody, we affirm the district

---

[17] <u>Cox</u>, 643 F.2d at 537.

court.

AFFIRMED