United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 03-10996
Summary Calendar

———————

CECIL RAY PATTERSON,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; JOHN
ASHCROFT,

Respondents-Appellees.

—————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-135

—————————————————————————————

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Cecil Ray Patterson, Texas state prisoner # 779579, appeals the denial of his 28 U.S.C. §

2241 petition for habeas corpus. Patterson was convicted of both the Texas state charge of

attempted capital murder and the federal charge of felon in possession of a firearm. Patterson argues

———————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erred in finding that the rule against piecemeal incarceration did not prevent his transfer from federal to state custody before he fully served his federal sentence.

We review the district court's findings for clear error and its rulings of law *de novo*. *See Moody v. Johnson,* 139 F.3d 477, 480 (5th Cir.1998).

The district court correctly concluded that Patterson's transfer to state custody did not violate the rule against piecemeal incarceration because the transfer did not result in the lengthening of his sentence. *See Free v. Miles*, 333 F.3d 550, 552 (5th Cir. 2003).

Patterson failed to argue and has therefore abandoned an appeal of the district court's determination that it lacked jurisdiction over any § 2255 claims that he was attempting to assert. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Further, Patterson has filed four previous federal habeas petitions challenging his transfer from federal to state custody. He filed two previous § 2241, one previous § 2254, and one previous § 2255 petition. This is therefore Patterson's fifth attempt to challenge his transfer. Because this appeal is a "duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" the appeal is DISMISSED as FRIVOLOUS. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Howard v. King*, 707 F.2d 512, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Patterson is WARNED that any future filings to this court or any court subject to the jurisdiction of this court that challenge his transfer from federal to state custody will invite sanctions, which may include monetary fines and/or restrictions on his ability to file pleadings in federal court.

DISMISSED; SANCTIONS WARNING ISSUED.