United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10203
Summary Calendar
_____

RICKIE LEE BEASLEY,

                                        Petitioner-Appellant,

versus

K. J. WENDT,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2102-R
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

    Rickie Lee Beasley, federal prisoner # 26417-077, appeals the district court's denial of his 28 U.S.C. § 2241 petition. Beasely argues that the Bureau of Prisons (BOP) incorrectly calculated his sentence.

    By failing to brief the issue on appeal, Beasley has abandoned his assertion that he should receive credit on his federal sentence for the time from his arrest until his return to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state custody after receiving his federal sentence.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The sentencing court did not specify at sentencing whether Beasley's federal sentence was to be served consecutively to, or concurrently with, his state sentence.  However, Beasley was "already subject to an undischarged term of imprisonment" and "[m]upltiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a); see also Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003).  Accordingly, Beasley was not entitled to credit toward his federal sentence for the time during which he was serving his state sentence.  The judgment of the district court is affirmed because Beasley has not shown error in the computation of his sentence.  See Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981).

AFFIRMED.