UNITED STATES of America,

v.

Ronald ALLEN, Appellant.

No. 03–4643.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 24, 2005.

Decided Feb. 11, 2005.

George S. Leone, Sabrina G. Comizzoli,
Office of United States Attorney, Newark,
NJ, for Appellee.

Ronald Allen, Minersville, PA, pro se.

Before SCIRICA, Chief Judge,
RENDELL and FISHER, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.

Appellant Ronald Allen appeals from a
final order by the District Court for the
District of New Jersey denying his request
for a sentence modification. We will af-
firm.

I.

On September 28, 1995, a federal jury
found Allen guilty of carjacking in violation
of 18 U.S.C. § 2119. After receiving a
180–month sentence,[1] Allen was turned

---

1. This Court affirmed Allen's judgment of
conviction and sentence on direct appeal by
order dated July 5, 1996. The District Court

denied his subsequent § 2255 petition, and
we affirmed on December 16, 1999.

The District Judge presiding over Allen's
trial and sentencing was Judge Alfred J. Lech-

over to the New Jersey Department of Corrections ("NJ DOC") where he was separately charged, under state law, with carjacking, robbery, and aggravated assault. On June 21, 1996, he was sentenced in New Jersey Superior Court to a 15-year term of incarceration. The Superior Court judge ordered that Allen's state sentence run concurrently with his 180-month federal sentence, and Allen was returned to federal custody.

On May 22, 1998, the United States Bureau of Prisons ("BOP") determined that Allen's transfer to federal custody had been in error, reasoning that the NJ DOC had primary jurisdiction over Allen because he had been arrested by New Jersey police in the first instance. Because Allen was then placed in state custody, his federal sentence would not begin to run unless the BOP, in an exercise of its discretion under 18 U.S.C. § 3621(b), designated the New Jersey institution as the place where Allen would serve his federal sentence.

Because Allen's federal sentence had been imposed prior to his conviction in state court, Judge Lechner had not specified whether the 180-month sentence was to run concurrently or consecutively with any future state sentence. As part of its discretionary analysis, therefore, the BOP requested a recommendation whether Allen's sentences should run consecutively or concurrently. Judge Lechner recommended that the federal sentence run consecutive to the state sentence.

The BOP ultimately declined to grant Allen federal credit for time served in a New Jersey state facility. Consequently, upon completion of his term of imprisonment in New Jersey, Allen will be required to serve his 180-month sentence in a fed-

eral penitentiary.[2] Allen challenged the BOP's determination in District Court, arguing that Judge Lechner erred in recommending a consecutive sentence, that such recommendation constituted a modification of his sentence, and that the BOP improperly declined to extend federal credit for time served in a New Jersey facility.

## II.

The District Court concluded that Judge Lechner's suggestion to the BOP was not a modification of Allen's original sentence but, instead, was a "recommendation." The District Court also held it had no jurisdiction to review the BOP's final determination "not to designate the New Jersey prison as the place where defendant would serve his federal sentence of imprisonment."

The District Court had jurisdiction to consider a motion to modify a sentence under 18 U.S.C. §§ 3231 and 3582(c). This Court has jurisdiction to review a final order of the District Court under 28 U.S.C. § 1291. We exercise de novo review over the District Court's denial of Allen's request for a modification of his sentence. United States v. McBride, 283 F.3d 612, 614 (3d Cir.2002).

## III.

While a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP. Barden v. Keohane, 921 F.2d 476 (3d Cir.1990). Rather, the BOP has discretionary authority to designate a federal prisoner's place

ner, Jr., who resigned from the bench on October 1, 2001. Following Judge Lechner's resignation, the case was reassigned to Judge Debevoise, D.N.J.

2. Allen will receive credit against this 180-month sentence for those periods of time when he was in federal custody before, during, and after his federal sentencing.

of incarceration. 18 U.S.C. § 3621(b); *see also Barden,* 921 F.2d at 480–81 (3d Cir. 1990); *McCarthy v. Doe,* 146 F.3d 118, 123 (2d Cir.1998). Only where the BOP specifically designates the state facility will a prisoner receive federal credit for time spent incarcerated in a state prison. *Barden,* 921 F.2d at 480.

■ In this case, the BOP declined to make such a designation. To the extent that Allen contests the BOP's determination, that issue is not properly before this court. The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District where the petitioner is incarcerated, and naming the warden of the federal facility as a respondent. *See Barden,* 921 F.2d at 478–79 (citing cases). If Allen seeks to challenge the BOP's discretionary determination, he must first exhaust his administrative remedies within the BOP, and then present such a claim for initial review under 28 U.S.C. § 2241 to the District Court in the Middle District of Pennsylvania. Accordingly, this Court has no jurisdiction to review the BOP's decision.

■ Allen also asks the Court to reverse, in essence, what he claims to have been an improper sentence modification resulting from Judge Lechner's recommendation to the BOP. This recommendation, however, was merely an opinion elicited by the BOP. Under 18 U.S.C. § 3621(b), the BOP must "designate the place of the prisoner's imprisonment." In selecting from "any available penal or correctional facility, ... whether maintained by the Federal Government or otherwise," the BOP considers five factors:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence—

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

*Id.* Because Judge Lechner had expressed no opinion regarding the consecutive/concurrent issue when he sentenced Allen—understandably so, given that Allen, at that time, had not yet received any state sentence of imprisonment—the BOP solicited Judge Lechner's recommendation as part of its § 3621(b) analysis. Under subsection (b)(4), consideration of Judge Lechner's opinion is clearly appropriate.

It is also clear, however, that the views of the sentencing judge are "not controlling" for purposes of the BOP's designation. *Barden,* 921 F.2d at 483. Only the BOP, as a delegate of the Attorney General, has the authority to make this designation. *Id.* Judge Lechner's recommendation had no legal force and therefore does not constitute a modification of Allen's sentence. Insofar as Allen's motion to modify his sentence is a motion to reverse Judge Lechner's allegedly improper "modification," we agree with the District Court's analysis and will affirm.

## IV.

For the foregoing reasons, we will affirm the order of the District Court.