United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10240
Summary Calendar

IGNACIO CHAMPION LOPEZ,

Petitioner-Appellant,

versus

COLE JETER,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-924
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ignacio Champion Lopez, federal prisoner #15603-077, appeals the district court's denial of his 28 U.S.C. § 2241 petition. He challenges the district court's conclusion that he received credit on his state sentence for the time he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. He argues that the Bureau of Prisons (BOP) violated the Due Process Clause of the Fourteenth Amendment and the Double Jeopardy Clause

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the Fifth Amendment when it amended the sentencing court's judgment by denying the orally ordered credit to his sentence.

Evidence in the record supported the district court's factual determination that Lopez received credit on his state sentence for the time spent in federal prison pursuant to a writ of habeas corpus ad prosequendum. Thus, this determination was not clearly erroneous. See Free v. Miles, 333 F.3d 550, 552 (5th Cir. 2003). Nor did the district court err in finding as a matter of law that Lopez was not entitled to the credit he sought. Time spent by a prisoner in federal custody for the purpose of appearing in federal court via a writ of habeas corpus ad prosequendum is not counted towards the federal sentence if that time was credited toward his state sentence. United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985); 18 U.S.C. § 3585(b).

AFFIRMED.