

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2007

# Allen v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1968

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Allen v. Nash" (2007). *2007 Decisions.* Paper 956.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/956

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

‾‾‾‾‾‾

No. 06-1968

‾‾‾‾‾‾

RONALD ALLEN,
                                        Appellant

v.

WARDEN JOHN NASH

‾‾‾‾‾‾

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 04-cv-00449
(Honorable A. Richard Caputo)

‾‾‾‾‾‾

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2007

Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed June 12, 2007)

‾‾‾‾‾‾

OPINION OF THE COURT

‾‾‾‾‾‾

PER CURIAM.

Appellant Ronald Allen was arrested by Newark, New Jersey police officers on

April 18, 1995, charged with carjacking, and taken into state custody. While in state

custody Allen was indicted by federal authorities for a separate, earlier, carjacking in

violation of 18 U.S.C. § 2119. State authorities delivered Allen to federal court via a writ of habeas corpus *ad prosequendum*, and, on January 18, 1996, he was sentenced in United States District Court for the District of New Jersey to a term of imprisonment of 180 months (15 years). The federal sentencing court did not specify how the sentence should be served in relation to any other sentence. Federal authorities then returned Allen to state custody in Essex County. Although Allen was returned to state custody, on January 23, 1996, the United States Marshal Service mistakenly referred him to the Federal Bureau of Prisons for designation to a federal facility. Later Allen was designated to the United States Penitentiary in Leavenworth, Kansas, although, again, he remained in state custody in Essex County.

On June 21, 1996, Allen was sentenced in state court to a term of imprisonment of 15 years on the separate carjacking offense. The New Jersey Superior Court ordered the sentence to run concurrent to the federal sentence and ordered that Allen be remanded to federal custody. On July 2, 1996, New Jersey authorities turned Allen over to the U.S. Marshal Service, which referred Allen to the Bureau of Prisons.

In 1998, while incarcerated at the Federal Correctional Institution in Fairton, New Jersey, ("FCI-Fairton"), Allen's records were reviewed and it was determined by BOP officials that the State of New Jersey still held primary jurisdiction over Allen by virtue of having made the earlier arrest. The New Jersey Department of Corrections agreed that Allen should be returned to the custody of the state. Allen was transferred back to the

2

State of New Jersey on May 22, 1998, and held in state custody for the next approximately 26 months.

Faced with the original mistake in designation, the BOP needed to re-compute Allen's federal sentence. FCI-Fairton Warden E.W. Morris wrote to Assistant U.S. Attorney, Charles B. McKenna, to advise him that Allen had been returned to state authorities. Warden McKenna inquired as to whether the federal sentencing court had any objection to the federal and state sentences running concurrently. If the court did not object, the Bureau of Prisons could grant Allen a "nunc pro tunc" designation in accordance with 18 U.S.C. § 3621(b), which would allow his federal sentence to run concurrent to his state sentence. Upon receipt of the Warden's letter, AUSA McKenna wrote to the federal sentencing court, explaining that, under our decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the BOP is required to review an inmate's sentence to determine whether it should designate the state prison as the place of incarceration, thereby having the effect of making the sentences run concurrently.

McKenna wrote: "It is the preference of the Bureau of Prisons that the sentencing judge be given an opportunity to make a recommendation which, while not binding, can be helpful in their determination of whether to request a <u>nunc</u> <u>pro</u> <u>tunc</u> designation of the state prison as the defendant's place of incarceration." (Government's Response to Habeas Petition, Exhibit "9," at 2.) McKenna went on to say that the government's only concern was that Allen serve a total of 15 years for the two carjackings. He stated: "Because the state judge's intention was that the defendant not serve additional time for

3

the second carjacking, it appears as though ordering that the defendant's federal sentence should be concurrent to but not coterminous with the state sentence would be in keeping with the state judge's intent." Id. The federal sentencing judge responded to McKenna's letter by recommending that the federal sentence run consecutive to the state sentence.[1] Thereafter, the BOP declined to designate the state facility as Allen's place of incarceration.

On July 19, 2000, after serving nearly 26 months in state custody, Allen was released from East Jersey State Prison on an appeal bond to a federal detainer.[2] Upon his return to federal custody, the BOP computed Allen's federal sentence as not beginning until July 20, 2000. The time he served from July 2, 1996 until July 19, 2000, roughly 4 years, all was credited to his state sentence.[3] Allen did not receive credit on his federal sentence for any period of time credited to his state sentence pursuant to 18 U.S.C. § 3585(b) (credit is available for any time spent in detention "that has not been credited against another sentence").

---

[1] We held in United States v. Allen, 124 Fed. Appx. 719 (3d. Cir. February 11, 2005), that the federal sentencing judge's post-sentence recommendation to the BOP was merely an opinion, had no legal force, and did not constitute an impermissible modification of sentence. Accordingly, Allen's argument that a federal judge cannot impose a federal sentence consecutive to an unimposed state sentence (Appellant's Brief, at 11-12), is not relevant here.

[2] On September 18, 2000, the state appeal was dismissed.

[3] Allen actually received credit against his state sentence from the date of his arrest, April 18, 1995, until the date of his release on the appeal bond on July 19, 2000.

After exhausting his administrative remedies with the Bureau of Prisons, Allen filed a petition for writ of habeas corpus in United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 2241. He contended that he was entitled to credit on his federal sentence for the period from July 2, 1996, when he was turned over to the U.S. Marshal, through July 19, 2000, when he was released from state custody. (Appellant's Brief, at 7.) This period of time includes about 22½ months spent in federal detention from July 2, 1996 until May 22, 1998, and nearly 26 months spent in state custody from May 23, 1998 through July 19, 2000.

After the government submitted an answer, the District Court denied the habeas petition in an order entered on February 9, 2006. A timely motion for reconsideration was denied in an order entered on March 13, 2006. In denying the relief sought, the District Court reasoned that New Jersey retained primary jurisdiction over Allen because it made the first arrest, its sentence would therefore have to be served first, the recommendation that the state sentence run concurrently was non-binding, Allen received credit for all time spent in federal and state custody, and section 3585(b) authorized the BOP not to award double credit. Allen appeals.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. As the issues essentially are legal in nature, we exercise plenary review. Barden, 921 F.2d at 479. The authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). We may

5

correct an error by the BOP through a writ of habeas corpus where that error is fundamental and carries a serious potential for a miscarriage of justice. Barden, 921 F.2d at 479.

The BOP has the discretion to order that sentences run concurrently where the federal sentence was imposed before the state sentence and the state judge clearly intended the sentences to be served concurrently. Id. at 482-84. Here, importantly, the BOP considered a nunc pro tunc designation to the New Jersey Department of Corrections for concurrent service by Allen of the state and federal sentences. However, the federal sentencing court recommended that the federal sentence run consecutive to the state sentence. Based on the federal sentencing court's recommendation, and guided by the policy expressed in the rule that multiple sentences imposed at different times run consecutively unless the court orders that the terms are to run concurrently, 18 U.S.C. § 3584(a), the BOP exercised its discretion to deny Allen's request for a nunc pro tunc designation.

To the extent that Allen has argued that the BOP exercised its discretion in a constitutionally impermissible way, habeas relief clearly is not warranted. The Warden not only indicated to AUSA McKenna his willingness to grant a nunc pro tunc designation, McKenna told the federal sentencing judge that the government had no objection to such a designation. Nevertheless, the federal sentencing judge had an opinion and he voiced it. The BOP merely elected to follow the judge's non-binding

6

recommendation because it was consistent with a statute, 18 U.S.C. § 3584(a), that bears on this criminal justice policy issue, that is, consecutive sentences for separate offenses.

Allen, however, has two specific challenges to the computation of his sentence. He contends first that, under 18 U.S.C. § 3585(a), his federal sentence commenced on July 2, 1996 when he was taken into custody by the U.S. Marshal Service. He is, therefore, entitled to credit against his federal sentence from July 2,1996 until May 22, 1998, a period of time he actually spent in federal detention facilities, notwithstanding the BOP's determination that his federal and state sentences should run consecutively. He contends that New Jersey waived jurisdiction when it turned him over to federal authorities on July 2, 1996. It chose to relinquish its primary custody, leaving the state sentence to be served concurrently with the federal sentence. See Weekes v. Fleming, 301 F.3d 1175, 1181 (10th Cir. 2002) (as there were no documents indicating that change of custody was temporary it is presumed that United States and Idaho agreed to permanent change of custody).

Section 3585(a) provides, as Allen notes, that a federal sentence commences on the date the defendant is received into custody awaiting transportation to the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a). Thus, Allen's contention has surface appeal, but it ignores the operation of 18 U.S.C. § 3585(b). The BOP took the view that July 20, 2000, the date Allen was returned to federal custody following his release on an appeal bond, was the date when his federal sentence commenced. It rejected July 2, 1996 as the date of commencement of the federal

7

sentence because the State of New Jersey credited Allen's state carjacking sentence for the period from July 2, 1996 until May 22, 1998. Congress enacted 18 U.S.C. § 3585(b) to prohibit double credit in most circumstances, see Rios v. Wiley, 201 F.3d 257, 272-75 (3d Cir. 2000). Therefore, use of the July 20, 2000 date as the start date for the federal sentence was authorized by the statute and consistent with the decision not to nunc pro tunc designate.

We agree with the District Court that, under the circumstances of this case, New Jersey did not relinquish jurisdiction until July 19, 2000, when it granted an appeal bond on the state charges. The sovereign that first acquires custody of a defendant is entitled to custody until any sentence imposed is served, Ponzi v. Fessenden, 258 U.S. 254, 260 (1922). Because the designation to USP-Lewisburg was in error, it did not operate to commence Allen's federal sentence. The BOP did not have primary jurisdiction over Allen until July 20, 2000.

In Weekes, 436 F.3d at 1181, on which Allen relies, the Court of Appeals for the Tenth Circuit presumed that jurisdiction had been relinquished under seemingly similar circumstances because further actions by Idaho state authorities supported that presumption. The same cannot be said here. The New Jersey Department of Corrections did not disagree that a mistake had been made when Allen was transferred back into its custody on May 22, 1998. It then continued to hold Allen for another 26 months, notwithstanding the state judge's intent that Allen serve no additional time for the state carjacking offense. Accordingly, as to the 22½ month period from July 2, 1996 until May

8

22, 1998, Allen's status was similar to that of a "state boarder" in a federal facility, cf. 18 U.S.C. § 5003.  It would be a different matter altogether if Allen had not received credit on his state sentence for the time from July 2, 1996 until May 22, 1998, but that is an argument he has not made.

Allen next contends that he is entitled to credit for the time spent in state custody from May 23, 1998 to July 19, 2000.  He argues that he was properly serving time on the federal sentence, and that the BOP may not interrupt his sentence, which it did by transferring him on May 22, 1998, and then taking him back on July 20, 2000.  He has invoked the common law rule that a prisoner is entitled to credit for time served when he is incarcerated discontinuously through no fault of his own.  See Free v. Miles, 333 F.3d 550, 554 (5th Cir. 2003).  However, even if we accept the premise on which this argument is based (that Allen was a federal prisoner from July 2, 1996 until May 22, 1998), that rule does not apply to Allen's circumstances.  Its function is to prevent a governmental entity from "abusing its coercive power to imprison a person by artificially extending the duration of his sentence through releases and re-incarcerations," id., and it has no applicability when a prisoner is simply reclassified for the purpose of having him serve a state sentence before serving a consecutive federal sentence, Dunne v. Keohane, 14 F.3d 335, 337 (7th Cir. 1994).

Because the BOP was not required to make the federal sentence run concurrently with the state sentence, there was no impermissible postponement of the date when Allen's federal sentence will expire.  Id.  While a state court may express its intent that a

9

defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP. <u>Barden</u>, 921 F.2d 476. Only where the BOP specifically designates the state facility will a prisoner receive federal credit for time spent incarcerated in a state prison. <u>Id.</u> at 480.

We will affirm the orders of the District Court denying the habeas petition and motion for reconsideration.