# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-30379
Summary Calendar

AARON LAMPTON

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-3060

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Aaron Lampton, Louisiana prisoner # 404701, appeals the denial of his 28 U.S.C. § 2254 application for habeas relief. Lampton contends he was denied due process and a fair trial when evidence of another crime was admitted improperly in his state-court trial for armed robbery. The evidence consisted of: the testimony of a detective who witnessed Lampton in possession of a handgun several weeks after the robbery; and the handgun, which one of the armed-robbery victims testified was the weapon used by Lampton.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regarding the denial of habeas relief, the district court's findings of fact are reviewed for clear error; and its rulings of law, de novo. E.g., Free v. Miles, 333 F.3d 550, 552 (5th Cir. 2003). In federal habeas proceedings concerning a state-court decision, federal courts do not review the admissibility of evidence under state law. E.g., Jernigan v. Collins, 980 F.2d 292, 298 (5th Cir. 1992).

A state court's evidentiary ruling may, however, present a cognizable federal habeas claim if the ruling violates a specific constitutional right or renders the trial fundamentally unfair. E.g., Pemberton v. Collins, 991 F.2d 1218, 1226 (5th Cir. 1993). The evidence about which Lampton complains was direct evidence of the armed-robbery charges for which he was convicted. He has not shown it was introduced for the purpose of showing he later committed some other crime, such as carrying a concealed weapon, and was therefore a person of bad character. See LA. CODE EVID. ANN. art. 404(B)(1); State v. Colomb, 747 So. 2d 1074, 1075-76 (La. 1999).

Therefore, Lampton fails to show the state-court's rulings rendered his trial fundamentally unfair. See Neal v. Cain, 141 F.3d 207, 214 (5th Cir. 1998). Accordingly, he does not present a cognizable federal habeas claim. See, e.g., Pemberton, 991 F.2d at 1226.

Lampton also contends he received ineffective assistance of counsel because his trial attorney did not object to the evidence and request a mistrial. To obtain relief on an ineffective-assistance claim, Lampton was required to establish in state court: (1) his counsel's performance was deficient; and (2) that performance prejudiced his defense. E.g., Strickland v. Washington, 466 U.S. 668, 689-94 (1984).

The state court held the evidence in dispute was properly admitted and any objection by counsel would have been overruled. The failure to raise a meritless objection is not ineffective assistance. E.g., Clark v. Collins, 19 F.3d

2

959, 966 (5th Cir. 1994).  Lampton fails to show his counsel's performance was deficient.

AFFIRMED.