**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-30792
Summary Calendar

WALTER J WATERS, JR

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-CV-462

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

In September 2006 Walter J. Waters, federal prisoner # 33795-177, was convicted in the Western District of Louisiana of conspiracy to possess with the intent to distribute cocaine and he was sentenced to 70 months of imprisonment. In November 2006 Waters was convicted in Louisiana state court of drug possession and sentenced to serve five years in prison. The state court ordered that his state sentence run consecutively to his federal sentence. Waters appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the denial of his 28 U.S.C. § 2241 petition, which the district court dismissed after determining that Waters' failure to establish that he was in custody in violation of the Constitution and laws of the United States made his § 2241 petition subject to dismissal for failure to state a claim upon which relief could be granted.

On appeal, Waters challenges the consecutive nature of his state and federal sentences. He argues, inter alia, that the Federal Bureau of Prisons (BOP) lacked authority to suspend his federal sentence and remand him into state custody for prosecution. He asserts that he should have been allowed to complete his federal sentence before he was transferred to state custody. He requests that his federal sentence be credited with the time that he served in state custody.

Habeas relief cannot be had absent the deprivation of some right secured to the petitioner by the United States Constitution or the laws of the United States. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The district court correctly determined that Waters' claim that the BOP lacked discretion to determine that he would serve all, or part of, his federal sentence in the Louisiana state prison system did not implicate a constitutionally protected right. *See Olim v. Wakinekona*, 461 U.S. 238, 246-47 (1983). Also, although Waters' federal judgment of conviction is silent regarding the state prosecution, the district court in the instant proceeding correctly relied upon 18 U.S.C. § 3584(a) and *Free v. Miles*, 333 F.3d 550, 553 (2003), to determine that the federal sentencing court's silence on the issue indicated that the terms were to run consecutively. Moreover, Waters does not argue that the administration of his consecutive sentences will result in an artificial extension of the duration of his confinement under the consecutive federal and state sentences. Waters thus is not entitled to credit on his federal sentence for time served in state custody. *See Free*, 333 F.3d at 554-55.

For the foregoing reasons, the judgment of the district court is AFFIRMED.