# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2010

Charles R. Fulbruge III
Clerk

No. 09-10651
Summary Calendar

STEVE RAY HICKMAN,

Petitioner - Appellant

v.

RODNEY CHANDLER, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CV-139

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Steve Ray Hickman, federal prisoner # 23249-077, appeals the district court's denial of his 28 U.S.C. § 2241 petition, wherein he argued that the sentence imposed following his guilty plea conviction of distributing less than five grams of crack cocaine within 1,000 feet of an elementary school should have been run concurrently with a previously imposed state sentence. Hickman argues on appeal that the district court erred by determining that his claim that his federal sentence was intended to run concurrently with his state sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not cognizable under § 2241 or pursuant to the "savings clause" of 28 U.S.C. § 2255 and abused its discretion by failing to appoint counsel or hold an evidentiary hearing on his claim.  He contends further that the district court abused its discretion by determining that he was not entitled to relief on his claim that the Bureau of Prisons (BOP) erred by refusing to designate nunc pro tunc his state facility as the facility where he would serve his federal sentence.

Because Hickman is proceeding under § 2241, he is not required to obtain a certificate of appealability to pursue his appeal. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  In reviewing the denial of habeas relief, the district court's factual findings are reviewed for clear error, and its legal conclusions are reviewed de novo.  *Id.*

Hickman's claims relating to promises made to him before sentencing or to his understanding of the plea agreement with regard to whether his federal sentence would run concurrently with or consecutively to his state sentence were challenges to the manner in which the sentence was determined.  *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  As such, the district court did not err by determining that those claims were not cognizable in a § 2241 proceeding and were properly brought via a § 2255 motion.  *See id.*

Hickman also has not shown that the district court erred by determining that his claims could not be brought under § 2241 pursuant to the "savings clause" of § 2255.  Hickman's claims are not being brought pursuant to a retroactive Supreme Court decision that establishes that he may have been convicted of a nonexistent offense, and Hickman has not shown that his arguments were foreclosed by precedent at the time his original § 2255 motion was due.  *See Christopher v. Miles*, 342 F.3d 378, 381-82 (5th Cir. 2003).  Therefore, he cannot show that the remedy available under § 2255 is inadequate or ineffective to test the legality of his detention.  *Id.*  The fact that Hickman's claims are now time barred does not render the remedy available under § 2255 inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (2000).  Because

Hickman is unable to obtain relief on those claims, the district court did not abuse its discretion by refusing to hold an evidentiary hearing or appoint counsel. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).

The BOP has wide discretion to designate a state correctional facility as the location in which an inmate can serve a federal sentence. 18 U.S.C. § 3621(b). The BOP elected not to exercise this discretion after reviewing the record in Hickman's case because there was no evidence therein that suggested that a concurrent sentence was agreed to or intended. *See Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); 18 U.S.C. § 3584. Because the BOP did not abuse its discretion, the district court did not err by denying Hickman's § 2241 petition as to this claim. *Jeffers*, 253 F.3d at 830. Accordingly, the judgment of the district court is AFFIRMED.

Incorporated in Hickman's brief is a motion for appointment of appellate counsel. Hickman has adequately briefed the issues on appeal. Therefore, his motion is DENIED.