# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 30, 2013

Lyle W. Cayce
Clerk

No. 12-50522
Summary Calendar

JEREMIAH LEE FULLER,

Petitioner-Appellant

v.

CLAUDE MAYE, Warden, Federal Correctional Institute, Bastrop, Texas,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-1055

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jeremiah Lee Fuller, federal prisoner # 56057-180, appeals the district court's denial in part and dismissal in part of his 28 U.S.C. § 2241 petition, in which he contended that the Bureau of Prisons (BOP) incorrectly calculated his federal sentence. We affirm.

Federal authorities arrested Fuller in May 2005, he pleaded guilty to possession with intent to distribute methamphetamine, he was sentenced to 87 months of imprisonment, and, on December 21, 2005, Fuller began serving his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal sentence at Three Rivers Federal Correctional Institute (FCI).   On January 19, 2006, Fuller was returned to a state facility to face prosecution on state charges that stemmed from the same conduct that gave rise to Fuller's federal conviction.   In March 2006, Fuller received an 18-year sentence on the state drug charges.   He was paroled from his state sentence in August 2010 and returned to federal custody for service of his federal sentence.  The BOP credited Fuller for time spent in state jail from May 29, 2005, through June 20, 2005, the date on which the state began crediting Fuller's jail time.   The BOP has now also credited Fuller for the time he spent in Three Rivers FCI.

Fuller argues that, by returning him to a state facility after his federal sentence had already commenced, the BOP redesignated the state facility as the place at which he was to serve his federal sentence.   As a result, he maintains, he is entitled to credit on his federal sentence from the time he was arrested in May 2005 through the time he was paroled from his state sentence in August 2010.   Fuller is not entitled to any further credit on his federal sentence because the time at issue was credited toward Fuller's 18-year state sentence.   *See* 18 U.S.C. § 3585(b).   Although the BOP could have given Fuller further credit*, see Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010), it was not required to do so.

The district court relied on *Free v. Miles*, 333 F.3d 550 (5th Cir. 2003), in rejecting Fuller's contention that a common law rule required that he receive credit for all time spent in state custody after his federal sentence had commenced.  Despite the factual distinctions that Fuller draws between his case and *Free*, the reasoning in *Free* applies with equal force here.   Because the piecemeal incarceration experienced by Fuller in this case has not extended the expiration date of his sentence, he is not entitled to further credit on his federal sentence.   *See Free*, 333 F.3d at 555.

Nothing in the record supports Fuller's conclusional assertion that the district court did not conduct a de novo review of this case upon receipt of Fuller's objections to the magistrate judge's report and recommendation.

Finally, Fuller argues that he was found to be ineligible to have his federal sentence run concurrently with his state sentence based on an erroneous statement that his state and federal convictions stemmed from unrelated conduct. Because this argument is raised for the first time on appeal, we will not consider it. *See Free*, 333 F.3d at 552 n.4.

AFFIRMED.