# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40116
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2015

Lyle W. Cayce
Clerk

JOSE SALOMON ARREOLA-AMAYA,

Petitioner-Appellant

v.

FEDERAL BUREAU OF PRISONS; LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondents-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:13-CV-213

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jose Salomon Arreola-Amaya, currently Texas prisoner # 1292378, appeals the district court's denial of his 28 U.S.C. § 2241 petition, in which he challenged the refusal of the Federal Bureau of Prisons (BOP) to grant him credit against his 51-month federal sentence for the time he has spent in federal and state custody since his arrest in May 2003. He maintains that he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40116

was in exclusive federal custody for most of the time prior to and for approximately two months after his federal sentencing, until he was transferred to state custody for revocation proceedings. Arreola-Amaya contends that because there was no outstanding state sentence at the time of his federal sentencing proceedings, the BOP erred in considering 18 U.S.C. § 3584(a) in its decision not to award him credit for the time he has spent in state custody after the revocation proceedings. In addition, he maintains that the state court lacked jurisdiction to revoke him and that the State breached the plea agreement. We review the legal conclusions of the district court de novo and its factual findings for clear error. *Free v. Miles*, 333 F.3d 550, 552 (5th Cir. 2003).

Section 2241 is the proper procedural vehicle for challenging the execution of a federal sentence or for obtaining credit for prior custody. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). However, a challenge to the validity of a state conviction or sentence must be brought pursuant to 28 U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996). Arreola-Amaya has a pending § 2254 application in which he challenges the validity of the state proceedings. Accordingly, we decline to consider his challenges to the propriety of the Texas revocation proceedings.

The undisputed facts show that Arreola-Amaya received credit toward his state sentence for the time he spent in federal and state custody up until the date of his federal sentencing. The BOP thus properly denied crediting the same time toward his federal sentence. *See* 18 U.S.C. § 3585(b); *see also Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003).

According to Arreola-Amaya, at the time of his federal sentencing on July 29, 2004, he was exclusively in federal custody, and he was transferred to the

2

No. 15-40116

custody of the United States Marshals pending a transfer to a BOP facility; however, on September 18, 2004, he was transferred to state custody for the revocation proceedings. Under § 3585(a), a federal sentence "commences" on the date the defendant is placed in custody awaiting transportation to an official detention facility. Based on Arreola-Amaya's contentions, therefore, his federal sentence "commenced" following his sentencing on July 29, 2004, and he should have received credit against his sentence beginning at that time, even if he received credit against his state sentence. *See Cain v. Menifee*, 269 F. App'x 420, 425 & n.5 (5th Cir. 2008); *Free*, 333 F.3d at 552. Accordingly, the judgment is vacated to the extent that the district court determined, based on Arreola-Amaya's admissions, that the federal sentence had not commenced at the time of the federal sentencing and that thus he was not entitled to credit under § 3585(b). However, because the respondent did not file an answer in the district court, it is not clear whether the BOP has already provided Arreola-Amaya credit for the time he spent in exclusive federal custody following his federal sentencing or whether Arreola-Amaya was not in fact exclusively in federal custody at that time. *Cf. United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (per curiam) (indicating that if a defendant in state custody was merely "on loan" to federal officials for sentencing purposes, he remained in state custody during the federal proceedings). Thus, we remand this issue to the district court for further consideration in accordance with this opinion.

A different analysis applies once Arreola-Amaya was transferred to state custody on September 18, 2004. If in fact Arreola-Amaya's federal sentence commenced in July 2004, he does not warrant credit for the time spent in custody once he was transferred to state custody because the interruption of his federal sentence does not affect the total time served. *See Free*, 333 F.3d at 555. Arreola-Amaya maintains that his sentence has in fact been extended

3

No. 15-40116

by the BOP's refusal to grant him credit because if he had been returned to the BOP following his state sentencing, Texas officials would have placed a detainer on him and he would have received credit against his state sentence for the time spent in federal custody. This argument relies upon state case law addressing a Texas defendant's right *at sentencing* to receive credit for all time served with respect to the case. *See Ex Parte Bynum*, 772 S.W.2d 113, 114-116 (Tex. Crim. App. 1989). Arreola-Amaya cites to no authority for the proposition that a Texas prisoner would receive credit against a state sentence which was ordered to run consecutively to the federal sentence, based solely on the issuance of a post-sentencing detainer.

To the extent that Arreola-Amaya complains that the district court took § 3584(a) into account, given the fact that the state sentence did not exist at the time of the federal sentencing, the district court still had the authority to order the federal sentence to run consecutively to the as-yet-unimposed state sentence. *See Setser v. United States*, 132 S. Ct. 1463, 1468-70 (2012). By contacting the district court for its opinion on concurrent sentences, the BOP fulfilled its obligation to consider Arreola-Amaya's request for a nunc pro tunc designation of the state prison as the place of confinement for the federal sentence. In light of the district court's indication of a preference for consecutive sentences, the BOP did not abuse its discretion in denying the request for a nunc pro tunc designation. *See* 18 U.S.C. § 3621(b).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.