# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40973
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2018

Lyle W. Cayce
Clerk

CHARLES RAY GERARD,

Petitioner-Appellant

v.

JOHN B. FOX, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-333

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Charles Ray Gerard, federal prisoner # 03202-078, appeals the denial of his 28 U.S.C. § 2241 petition in which he challenged the Bureau of Prisons's (BOP) computation of his federal sentence. We deny as unnecessary Gerard's motion for leave to file a supplemental brief to include attachments to his original brief. We also deny Gerard's motion for appointment of counsel.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40973

The record evidence shows the following.  Gerard was arrested by local officials in Texas on June 3, 1990, for charges of kidnapping and aggravated sexual assault.  Based on those charges, his state parole from another conviction was revoked effective June 5, 1990.  Gerard was borrowed by federal authorities pursuant to a writ of habeas corpus ad prosequendum, and he was eventually convicted and sentenced on a federal charge of kidnapping.  He was relinquished by Texas authorities to federal authorities on March 23, 1992.  The BOP initially gave Gerard credit for 641 days of time, from June 3, 1990, through March 4, 1992, spent in state jail.  In 1997, though, when Gerard was re-released to mandatory supervision on his prior state conviction, the BOP removed all but two days of that credit because Gerard received credit toward his state parole-revocation sentence from June 5, 1990, through March 22, 1992.

Gerard insists that he was placed into federal custody on either June 3, 1990, when he was interviewed by a federal agent in a section of the county jail used to hold federal prisoners, or on October 18, 1990, when a federal detainer was lodged against him, or on November 28, 1990, when federal authorities borrowed him pursuant to the writ of habeas corpus ad prosequendum.  His federal sentence did not commence, though, until March 23, 1992, when he was relinquished from state custody.  *See* 18 U.S.C. § 3585(a).

The record belies Gerard's assertion that he was never returned to the custody of the Texas Department of Criminal Justice due to the revocation of his parole because of the charges brought against him in state court.  Further, there is no legal support for Gerard's contention that, because the BOP awarded the time credit before the State of Texas did so, the BOP could not recompute his sentence to remove the credit.

No. 17-40973

A defendant is to be given credit toward his term of federal imprisonment for any time he spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence" and that was the result of either his federal offense or any other charge for which the defendant was arrested after the commission of his federal offense.   § 3585(b). Gerard has shown no legal error or clearly erroneous factual finding that would warrant reversal of the district court's judgment.  *See Free v. Miles*, 333 F.3d 550, 552 (5th Cir. 2003).  Accordingly, that judgment is affirmed.

AFFIRMED; MOTIONS DENIED.