# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2022

Lyle W. Cayce
Clerk

No. 21-60463
Summary Calendar

Andre Lyneal Wallace,

*Petitioner—Appellant*,

*versus*

Steven Reiser, *Warden, Federal Correctional Complex Low*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-51

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Andre Lyneal Wallace appeals the judgment of the district court dismissing his petition for writ of habeas corpus. We affirm.

Wallace was out on parole from Alabama state custody when he was arrested by Alabama state authorities for an armed bank robbery that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60463

occurred in March 2009. The state revoked his parole, and he was returned to the custody of the Alabama Department of Corrections. While in state custody, Wallace was sentenced in the United States District Court for the Northern District of Alabama to a 177-month term of imprisonment for Armed Bank Robbery, Discharging a Firearm During and in Relation to a Crime of Violence, and Felon in Possession of Firearm in relation to the March 2009 bank robbery. This sentence was to be served consecutive to his ongoing state sentences. Wallace served his state sentences until September 10, 2012, when he was paroled by the state of Alabama and was released to the custody of the U.S. Marshals Service to begin serving his federal sentence. He has since been serving his federal sentence.

Wallace argues that his state sentence did not properly end on September 10, 2012, at the time he was paroled, but rather continued to May 23, 2018, the date his state parole would have ended had there been no federal sentence. As such, his argument goes, he was illegally placed in federal custody from September 10, 2012, through May 23, 2018, and should have that time credited against his federal sentence.

His argument is blocked by an insurmountable hurdle: a prisoner may serve federal and state consecutive sentences with multiple shifts between the sovereigns provided that the total time of sentencing is not increased. *Free v. Miles*, 333 F.3d 550, 553 n.8, 554–55 (5th Cir. 2003) (noting that a court need not "grant time-served credit to a prisoner who . . . on parole from state prison[] was returned to federal custody to complete a *consecutive* federal sentence"). Therefore, his transition into federal custody on September 10, 2012, was not illegal. Moreover, Wallace ignores that the time he has served from September 10, 2012, through May 23, 2018, *has* been credited against his federal sentence.

No. 21-60463

Wallace does not otherwise challenge his sentence or his service of it. Thus, we AFFIRM the judgment of the district court.