United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51686
Summary Calendar
_____

LUIS TREJO,

                              Petitioner-Appellant,

versus

DENNIS WARDEN, FCI, LA TUNA, Warden,

                              Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CV-296
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Luis Trejo, federal prisoner # 96613-080, seeks permission
to proceed in forma pauperis (IFP) to appeal the denial of his
28 U.S.C. § 2241 petition.  In his petition, Trejo argued that
the Bureau of Prisons (BOP) erred in not giving him credit on his
federal sentence for time spent in state custody and also
improperly determined that his federal sentence should run
consecutively to his state sentence.

     In filing the IFP motion, Trejo is challenging the district
court's certification decision that his appeal was not taken in

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).  When the district court certifies that an appeal is not taken in good faith, it is required under Rule 24(a) to "set forth in writing the reasons for its certification."  Baugh, 117 F.3d at 202; Rule 24(a)(3).  This court's inquiry into an appellant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore nonfrivolous).'"  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

The district court failed to comply with Baugh since it neither provided reasons for certifying that Trejo's appeal was not taken in good faith, nor incorporated its decision on the merits of Trejo's petition.  See Baugh, 117 F.3d at 202; Rule 24(a)(3).  Nevertheless, this court may dismiss the case sua sponte pursuant to 5TH CIR. R. 42.2 if it is apparent that the appeal lacks merit.  Baugh, 117 F.3d at 202 & n.24.

Trejo is not entitled to credit on his federal sentence for the time he was in federal custody pursuant to a writ of habeas corpus prosequendum.  See United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985).  Moreover, Trejo is not entitled to credit on his federal sentence because the time at issue was credited toward his state sentence.  See 18 U.S.C. § 3585(b).  Additionally, the district court did not err by concluding that the federal sentence was to run consecutively to the state sentence.  See 18 U.S.C. § 3584(a); Free v. Miles, 333 F.3d 550,

553 (5th Cir. 2003); United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991).

Trejo has failed to identify a nonfrivolous issue for appeal, and he has not shown that the district court erred in certifying that an appeal would not be taken in good faith. Accordingly, Trejo's motion to proceed IFP is denied, and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Trejo is warned that the submission of further frivolous pleadings, to this court or any other court subject to this court's jurisdiction, may subject him to sanctions.

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.