# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-11333
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO RIOS RIVERA,

Defendant-Appellant

———————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CR-3-1

———————————————

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

Alfredo Rios Rivera, federal prisoner # 31622-177, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. The district court denied Rivera's motion to proceed IFP on appeal but did not comply with the requirement that it provide written reasons for certifying that an IFP appeal is not taken in good faith. *See Baugh*

———

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11333

*v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). "Nevertheless, this court may dismiss the case sua sponte pursuant to 5TH CIR. R. 42.2 if it is apparent that the appeal lacks merit." *Trejo v. Warden*, 238 F. App'x 12, 13 (5th Cir. 2007).

When a defendant is "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the district "court *may* reduce the term of imprisonment, after considering the factors set forth in section § 3553(a) to the extent that they are applicable." *See* 18 U.S.C. § 3582(c)(2) (emphasis added). The district court is not required to grant a sentencing reduction, and we review its decision for abuse of discretion. *United States v. Henderson,* 636 F.3d 713, 717 (5th Cir. 2011). We review the interpretation of the Guidelines *de novo* and the district court's factual findings for clear error.  *Id.*

Rivera contends that the district court misapplied the Sentencing Guidelines by declining to reduce his sentence and asks us to remand for the district court to grant a sentence reduction proportional to the change in his Guidelines range. This argument is without merit. Sentence "reductions under 18 U.S.C. § 3582(c)(2) are not mandatory." *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009); *see also United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (explaining that the district court "was under no obligation to reduce Evans's sentence at all"). Moreover, there is no presumption that the district court should "choose a point within the new lower Guidelines range that is 'proportional' to the point previously chosen in the older higher Guidelines range." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018).

Rivera also argues that the district court failed to sufficiently consider his serious medical condition, nonviolent offense, age, and the minor nature of the disciplinary infractions incurred post-sentencing. The motion at issue in this appeal was Rivera's second motion for a sentence reduction under

No. 18-11333

Amendment 782. A district court has jurisdiction to consider a successive § 3582(c)(2) motion. *United States v. Calton*, 900 F.3d 706, 711 (5th Cir. 2018). In denying Rivera's second motion, the district court incorporated the reasons expressed in its initial denial. The district court had previously held that Rivera's sentence was fair in light of the factors outlined in 18 U.S.C. § 3553(a), including Rivera's criminal history, offense conduct and relevant conduct, and post-sentencing conduct. That the district court did not separately address each new argument raised by Rivera in his second motion "does not mean that it did not consider them." *Evans*, 587 F.3d at 673. Under the circumstances of this case, "the record as a whole satisfies us that the judge 'considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decision-making authority.'" *Chavez-Meza*, 138 S. Ct. at 1967 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

Finally, Rivera suggests that the denial of his § 3582(c)(2) motion was unfair because similarly situated prisoners received sentence reductions. This assertion is unsupported and speculative, and therefore, unavailing. *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). Thus, the district court did not abuse its discretion in denying his request for a sentencing reduction. *See Henderson*, 636 F.3d at 717. Rivera's appeal does not present a nonfrivolous issue and has not been brought in good faith. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202, 202 n.24; 5TH CIR. R. 42.2.